In the Matter of the Claim of ROBERT CRADDUCK, Respondent, against HALLEN COMPANY, INC., et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.

Submitted April 22, 1952; decided July 15, 1952.

*Frank C. Roberts* and *John F. Canale* for appellants. The decision of the Appellate Division to the effect that the work claimant was performing for his employer when he sustained accidental injuries was not at a fixed location outside the State of New York, but was temporary and transitory in nature and incidental to his basic employment in the State of New York, and that his employment was located in New York State is contrary to the facts established by the uncontroverted evidence and contrary to the law enunciated in our State. (*Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591; *Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; *Matter of Vatouios* v. *Markakis*, 273 App. Div. 832, 298 N. Y. 733; *Matter of Amaxis* v. *N. A. Vassilaros, Inc.*, 258 N. Y. 544; *Matter of Zeltoski* v. *Osborne Drilling Corp.*, 264 N. Y. 496; *Matter of Bagdalik* v. *Flexlume Corp.*, 281 N. Y. 858; *Matter of Jensen* v. *Boudin Contr. Corp.*, 283 N. Y. 572; *Matter of Grasso* v. *Donaldson-Reynolds, Inc.*, 279 N. Y. 584; *Matter of Hawco* v. *Neill Constructors*, 275 App. Div. 878.)

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Wendell P. Brown* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent. The Workmen's Compensation Board was vested with jurisdiction over the claim. (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; *Matter of Bach* v. *Hampden Sales Assn.*, 266 App. Div. 645, 293 N. Y. 847; *Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591; *Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459; *Matter of Altschuller* v. *Bressler*, 289 N. Y. 463; *Matter of Vatouios* v. *Markakis*, 298 N. Y. 733; *Matter of Hawco* v. *Neill Constructors*, 275 App. Div. 878; *Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544; *Matter of Klein* v. *Stoller & Cook Co.*, 220 N. Y. 670; *Matter of Smith* v. *Aerovane Utilities Corp.*, 259 N. Y. 126.)

LOUGHRAN, Ch. J. In this workmen's compensation case, the appellants are an employer and its insurance carrier. They challenge an award which the New York Workmen's Compensation Board made to the claimant Robert Cradduck for injuries sustained by him at a time when he was working in the State of Indiana. The board found, however, that Cradduck's employment at that time was located in the State of New York. Whether there is evidence sufficient to sustain that finding is the question to be determined.

In a memorandum of its decision, the board summarized the facts in this way: '' The claimant, a resident of Pennsylvania, was working for a Pennsylvania employer, a Mr. Lauffenburger, as an apprentice iron worker, when his employer entered into an agreement with the Hallen Construction Company, a New York corporation, to act as a field manager in New York and other states. By the terms of this agreement, Lauffenburger was to supply all the labor and foremen and the Hallen Construction Company was to pay all wages. Lauffenburger then instructed the claimant and other workers to go to Buffalo and to report to the representative of the Hallen Company, Mr. Don Adams. The claimant worked in Buffalo and Syracuse several weeks and was then sent to Indiana where, on 10/29/48, he was injured. After leaving Pennsylvania, claimant was placed on the payroll of the Hallen Construction Company and was paid at the rate of pay fixed by the union for the locality wherein he was working. The claimant was working under the

supervision of a foreman appointed by Lauffenburger, but the Hallen Construction Company had its own representative, who supervised each job. A check for payment of wages to all employees was issued by the New York office of the Hallen Construction Company and was sent to its representative on the job. The representative cashed it at a local bank and paid the workers in currency.''

Upon its above summary of the facts, the board came to the following conclusion: '' At the time of the accident to Robert Cradduck on October 29, 1948, as aforesaid, the work which he was performing for his employer was not work at a fixed location outside the State of New York, but was temporary and transitory in nature and incidental to his basic employment which was in the State of New York, and was in furtherance of his employer's business carried on in the State of New York, and he was scheduled for return to New York for further work.'' This conclusion of the board is inadmissible, in our judgment.

A leading case on the question here presented is *Matter of Cameron* v. *Ellis Constr. Co.* (252 N. Y. 394) where LEHMAN, J., said for this court (p. 398): '' Occasional transitory work beyond the State may reasonably be said to be work performed in the course of employment here; employment confined to work at a fixed place in another State is not employment within the State, for this State is concerned only remotely, if at all, with the conditions of such employment.'' Accordingly a traveling salesman working for a New York employer was held by us to be engaged in a New York employment. (*Matter of Roth* v. *Horn Co.*, 287 N. Y. 545. See, too, *Matter of Industrial Comr.* v. *Underwood Elliott Fisher Co.*, 271 N. Y. 639; *Matter of Vatouios* v. *Markakis*, 298 N. Y. 733.)

On the other hand, a number of decisions of this court declare that no person who is employed to work at a fixed place or places outside this State can avail himself of the benefits of our Workmen's Compensation Law. (See *Matter of Amaxis* v. *N. A. Vassilaros, Inc.*, 258 N. Y. 544; *Matter of Zeltoski* v. *Osborne Drilling Corp.*, 264 N. Y. 496; *Matter of Bagdalik* v. *Flexlume Corp.*, 281 N. Y. 858.) The cases last cited, as we read them, rule the case in hand. The employment of the present claimant was not transitory but stationary, because he had been

hired to work upon a construction job in Indiana until his part in that job was finished. Hence the New York Workmen's Compensation Board was without jurisdiction to make the award in question.

The order of the Appellate Division should be reversed and the award of the Workmen's Compensation Board annulled, with costs in this court and in the Appellate Division, and the claim dismissed.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.