In the Matter of the Claim of ANGEL IRIZARRY, Respondent, against A. ZEREGA'S SONS, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 12, 1953.

*James E. Hughes* and *George F. Mason, Jr.* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

*Reisman, Cohen & Milberg* for claimant-respondent.

FOSTER, P. J.  This is an appeal from an award of compensation made by the Workmen's Compensation Board for disability. Claimant suffered an accidental injury on May 31, 1951, in the State of New Jersey.  The issue is whether the accident happened during the course of employment in the State of New York.

The employer is a New York corporation engaged in the business of manufacturing macaroni and noodles.  For many years it operated a factory at Brooklyn, New York.  Claimant was then employed in the employer's drying department at the plant in Brooklyn.  The corporation decided to move its factory to Fair Lawn, New Jersey, and in 1949 acquired property for

that purpose.  Shortly thereafter it posted a notice at its Brooklyn plant informing its employees that the factory would be moved to New Jersey although it still continued operations at Brooklyn.  The work in which claimant was then engaged was performed in two shifts using the same machinery.  About the middle of May, 1951, the shift in which claimant was working was discontinued and he was offered work at the newly constructed plant in New Jersey.  He went there and assisted in cleaning up the new factory and installing machinery therein.  While doing this work he was accidentally injured on or about May 31, 1951.

After claimant's employment had terminated in a physical sense at the Brooklyn plant on May 23, 1951, the employer closed out its records of claimant's employment there and a check was drawn for his earnings at that place.  In addition to that the employer on May 24, 1951, the date when claimant began working in New Jersey, opened a new employment record for claimant and issued a time card to him indicating that he was employed in the State of New Jersey.  The checks for claimant's wages thereafter, while issued at the Brooklyn plant, were delivered to claimant at the plant in New Jersey.  The employer also took out a workmen's compensation policy of insurance under the Workmen's Compensation Law of New Jersey to protect employees at the New Jersey plant.

The Workmen's Compensation Board has found that claimant's work at the time of his injury was transitory and related to and incidental to his employment in the State of New York.  We are unwilling to agree with the finding thus made and the conclusion drawn therefrom.

Jurisdictional issues of this character are frequently troublesome but we think the determining factors were settled in *Matter of Cameron* v. *Ellis Constr. Co.* (252 N. Y. 394), and clarified at some length in *Matter of Baduski* v. *Gumpert Co.* (277 App. Div. 591).  As applied to this case such factors are against the decision made by the board.  The work of claimant in New Jersey was not transitory in any sense; to the contrary it was at a fixed location.  Moreover claimant's employment at the Brooklyn plant had been terminated in the most conclusive manner possible for he had been issued a new time card for foreign employment.  The work claimant was doing in New Jersey was not related to the work he had formerly performed in the Brooklyn plant.  These factors, we think, are decisive.  Considerable stress is laid upon the allegation, and it is merely an allegation, that claimant's New Jersey work was a temporary

assignment. There is no substantial evidence to sustain this assertion, only the vague statement of claimant himself that he expected to return to work in Brooklyn, plus the fact that the plant in New Jersey had not yet commenced to manufacture macaroni. There is no evidence that anyone in authority told claimant that he was to return to Brooklyn, and prior to his separation from service there he and all other employees had been notified that the plant was to be moved to New Jersey and they would be offered employment there.

It is also argued that the board's determination involved a question of fact and hence was final. As we view the case the facts were undisputed and the board's determination was in the nature of a mixed finding of fact and conclusion of law. Even so, if there was a reasonable basis to sustain it we would feel bound by it. However on the whole record we think there is no substantial evidence to support it (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65).

The award should be reversed on the law and the claim dismissed, with costs against the Workmen's Compensation Board.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Award reversed on the law and claim dismissed, with costs against the Workmen's Compensation Board.