In the Matter of the Claim of BENJAMIN SHORR, Now Deceased, by LENA SHORR, His Widow, Respondent, against U-WANNA-WASH FROCKS, INC., et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 18, 1954.

*Dunton F. Tynan* and *Joseph Boochever* for appellants.

*Martin B. Nadle* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* The question in this case is whether the claimant's employment was a New York employment subject to the New York Workmen's Compensation Law.

The claimant was employed by the appellant employer, a dress manufacturer, as a designer, pattern-maker and copyist. During the first three years of his employment, the claimant worked in New York City at the employer's place of business. During this period, the actual manufacturing was carried on by an independent company in Newville, Pennsylvania, pursuant to a contract with the employer. At the end of the three-year period, the employer purchased the contractor's manufacturing plant in Newville and the claimant moved to Newville and took charge of the cutting department in the factory. The claimant lived in a rented room in Newville for several years and then rented an apartment for himself and his family and ultimately purchased a home there. The employer continued to maintain offices in New York City but no manufacturing was carried on there except for the occasional cutting of sample garments but even these were sent to the Newville plant for sewing.

The claimant held the position of head of the cutting department in the Newville plant for about ten years, down to the time of the accident which is the subject of this claim. During this period, he was called back to the employer's New York office at irregular intervals to confer with the employer's general manager about complicated problems with respect to the cutting operations. During the years 1946 to 1949, the claimant spent a total of two to three months per year in New York City at these conferences, each of which lasted two or three days. When the claimant was called to the New York office, the employer paid the claimant's living expenses while in New York and his railroad fare to and from New York and $25 to $50 in addition for incidentals. These expenses were charged by the employer to the Newville plant. While in New York, the claimant would stay at his son's home or at a hotel.

The claimant was paid by check issued from the employer's New York office but his salary was charged to the Newville plant. The claimant was not carried on the New York payroll. The claimant paid income taxes in Pennsylvania and not in New York, he voted in Pennsylvania and his automobile was registered in Pennsylvania.

There is a reference in the record to the fact that the claimant moved back to Brooklyn in December, 1949, to be near his son and daughter-in-law, but this apparently had no material effect

upon the working arrangements between the claimant and his employer.

On March 2, 1950, at the Newville factory, the claimant engaged in an argument with the employer's general manager concerning the manner in which a garment had been cut and, as a result of the excitement, the claimant suffered a cerebral thrombosis.

Claimant filed claims both in New York and Pennsylvania. The same insurance carrier covers the employer in New York and in Pennsylvania.

The Workmen's Compensation Referee held that the claimant was subject to the jurisdiction of the New York board. A three member panel of the Workmen's Compensation Board, by a vote of two to one, reversed the referee and dismissed the claim. The full board, on its own motion, reviewed the case and, by a vote of seven to five, rescinded the decision of the panel and made an award in favor of the claimant, one member of the board voting to restore the case to the calendar for further hearing. The employer and the insurance carrier appealed to this court.

We think that the dissenting members of the board were right and that the award should be reversed and the claim dismissed.

The claimant's employment was plainly at a fixed location outside the State of New York; he was in charge of the cutting department of the employer's factory at Newville, Pennsylvania. As the chairman of the board pointed out in her dissenting memorandum, once this premise is accepted, the other factors relied upon by the majority of the board lose their significance. The occasional trips to New York, which were paid for by the employer, for consultation about difficult designing and cutting problems, did not make the claimant's employment a transitory one, nor did it make his employment primarily an employment at the New York office with incidental trips to Pennsylvania. On the contrary, his primary employment was at the fixed location in Pennsylvania and the trips to New York were incidental. Furthermore, the fact that supervision and direction of the claimant's work emanated from the New York office is of no materiality, once it is found that the employment was at a fixed location outside the State. (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; *Matter of Cradduck* v. *Hallen Co.*, 304 N. Y. 240.)

Some of the majority members of the board, in their separate opinions, expressed the view that the claimant was a liaison officer between the New York office and the Pennsylvania plant, serving as a member of the employer's executive corps, and,

upon this theory, they held that the claimant was a New York employee. The difficulty with this theory is that the claimant was employed primarily to take charge of the designing and cutting at the Pennsylvania plant and his duties were centered at that location. Even if he were to be regarded as a member of the executive staff of the employer, he was a member permanently assigned to a fixed location outside the State.

The decision and award should be reversed and the claim dismissed, with costs to the appellants against the Workmen's Compensation Board.

The appeal by the claimant's attorney from that part of the decision and award which fixed his fee, on the ground that the amount was inadequate, should be dismissed as academic, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision and award reversed and claim dismissed, with costs to the appellants. against the Workmen's Compensation Board. The appeal by the claimant's attorney from that part of the decision and award which fixed his fees dismissed as academic, without costs.