■    In the Matter of the Claim of IRENE NASHKO, Respondent, against STANDARD WATER PROOFING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The employer is a New Jersey corporation organized to do waterproofing and steam cleaning of buildings in New Jersey to help promote its business in that State, but having an office in New York and entirely owned by a stockholder who also owned and controlled a similar New York corporation of identical name from the same office. The deceased employee was a resident of New York and was hired in 1945 in New York by the New Jersey and by the New York corporation to work from time to time on different jobs either in New York or New Jersey. He was paid from the New York office. He last worked in his New York employment on July 20, 1949, and a few weeks earlier had worked in New Jersey for the New

Jersey corporation. In May, 1950 he was called to work for the New Jersey corporation to do steam cleaning of a building on a housing project at Perth Amboy, New Jersey. He stayed on this job until May 18, 1950 when he sustained steam burns which caused his death. The only place he worked in New Jersey in 1950 was at the buildings on the Perth Amboy housing project. During this period he received a weekly allowance for board; and his unemployment insurance contributions were paid to the State of New Jersey. He did no work in New York or elsewhere than in this single place in New Jersey for either corporation during 1950 and the last time he had worked for either corporation was for the New York corporation some 10 months earlier, in July, 1949. Thus the singleness of the New Jersey location of work is emphasized and the nature of the work cannot fairly be described as mobile within the State of New Jersey or as between the States of New Jersey and New York. The controlling element in determining whether New York retains jurisdiction in workmen's compensation where the hiring and control are in New York but the work is done in another State is the physical mobility of the work itself. If the work is done in another State in a fixed place, it is held that the employment is in the other State and not in New York. An arbitrary point where New York jurisdiction ceases necessarily has to be placed somewhere and that is where the New York cases place it. (*Matter of Cradduck v. Hallen Co.,* 304 N. Y. 240; *Matter of Cameron v. Ellis Constr. Co.,* 252 N. Y. 394; *Matter of Baduski v. Gumpert Co.,* 277 App. Div. 591; *Matter of Irizarry v. Zerega's Sons,* 282 App. Div. 535.) The decision in *Matter of Lewis v. Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461), which affirmed a decision of this court (279 App. Div. 1107), expressly recognized the authority of the cases holding that immobility in job location outside New York deprived New York of jurisdiction; and the employment of the engineer in Israel there considered who, among other things, was required to go to Athens as part of his work, could certainly be considered as mobile within the New York rule. Since the record shows that decedent worked in a single place outside of New York, the referee was right in holding that the New York compensation board has no jurisdiction. Recourse in this case should be taken in New Jersey where the accident occurred. Decision and award reversed and claim dismissed, with costs to the appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur; Halpern, J., dissents, in the following memorandum: In paragraph 8 of its findings, the Workmen's Compensation Board found the controlling facts in this case to be the following: "8. The contract of hire was consummated in the State of New York and George H. Nashko was paid his wages and received his orders and instructions from his employer's office located in New York, N. Y. George H. Nashko was continuously employed in seasonal employment for an employer with a base of operations in New York State. George H. Nashko also had worked for the aforesaid employer in the State of New York. There were no new hirings for each separate job. George H. Nashko, as well as other New York employees, received in addition to his wages $35.00 a week for board while working outside the State of New York." Upon the basis of these findings of fact, which were supported by the evidence, decedent's employment was clearly a New York employment. It fell squarely within the criteria laid down in *Matter of Lewis v. Knappen Tippetts Abbett Eng. Co.* (304 N. Y. 461). The decedent, a New York resident, was employed in New York by a New York business enterprise, to work on whatever jobs it obtained, "at many locations in and out of the state". His out-of-State expenses were paid by the employer; it was understood he would return to New York on the completion of any

out-of-State job. He was always paid from the New York office regardless of the place where he was working. He worked from time to time on jobs in New York, Pennsylvania and New Jersey, "the employer's business being such that it had to be done in the field wherever the employer could get jobs" (*Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co., supra*; see, also, *Matter of Vatouios* v. *Markakis*, 298 N. Y. 733, affg. 273 App. Div. 832; *Hawco* v. *Neill Constructors*, 275 App. Div. 878, motion for leave to appeal denied 300 N. Y. 761; *Larson on Workmen's Compensation Law*, § 87.43). The fact that the sole owner of the business enterprise, by which the decedent was employed, operated through two separate corporations, one incorporated in New York and one in New Jersey, bearing exactly the same name, does not affect the solution of the problem. There was a single integrated business enterprise with its sole office in New York. The fact that there were lay-offs between jobs does not affect the continuity of the decedent's employment. As the board found, the employer's business· was of such a nature that the work was seasonal; in the off season, the decedent was laid off along with other employees but he was never discharged. When he was sent to New Jersey to work on the job at which he sustained the injuries which resulted in his death, he was sent as a New York employee and he was counted as such in the determination of compliance with the New Jersey union requirement that no more than one half of the employees be New York employees. It is true that while each job lasted, the work was necessarily done at a fixed place but there was a whole series of fixed places of work, during the course of decedent's employment, some within, and some without, the State of New York, as the needs of the appellant's business dictated. Under these circumstances, the decedent's employment remained a New York employment, whether he happened to be working in New York State or elsewhere at any particular time (*Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co., supra*). Whether the work is at a fixed place or is transitory in nature is important only if the employment, by its terms, is an employment to be performed solely outside New York State (*Larson on Workmen's Compensation Law*, § 87.32 [1956 Supp.], p. 95). If the decedent's employment had not been a continuing one but had been an employment solely for work on the Perth Amboy project in New Jersey, the employment concededly would not have been a New York employment because it would have been an employment to work at a single fixed location outside the State of New York (*Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; *Matter of Cradduck* v. *Hallen*, 304 N. Y. 240). However, even if the decedent had been hired to work solely outside the State of New York at various places where the employer had jobs, the employment would still have been a New York employment in view of the fact that the work was not to be done at one fixed place but was to be done at various places under direction and supervision emanating from the New York office (*Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co., supra*, p. 466). The work is treated as transitory in a legal sense in that situation. But there is no need to rely upon that principle in the present case. As has already been pointed out, the board found, upon the basis of ample evidence, that there was a continuing employment for work within and without the State from 1945 to the time of decedent's death in 1950. It is suggested in the majority memorandum that the lay-off of the decedent in 1949 had continued for so long a period that the employment had terminated. Certainly, the board was not compelled, as a matter of law, to reach that conclusion upon the evidence. All the evidence pointed in the opposite direction. The appellant's report of injury, voluntarily filed in New York State, stated that the decedent had

been employed for "several years"; this presumably meant that the employment had continued down to the time of the accident. The appellant's president and sole stockholder testified that, if work was not available, the decedent "wasn't discharged, he was just relieved until such time as we might get additional work." But, even if, *arguendo*, we assume that the decedent was hired anew in 1950, the rehiring was the commencement of a new continuing employment, for work on various jobs as they arose, and not solely for the specific job in New Jersey. The fact that the first job under the assumed renewed contract of employment was in New Jersey did not alter its essential character as a continuing employment to work within and without the State as occasion arose. The board specifically found that "There were no new hirings for each separate job." Since that finding was sustained by substantial evidence, it is binding upon us. The decision and award should be affirmed.