■ In the Matter of the Claim of WILLIAM C. BRUESER, Respondent, against FREDA A. BLACKMAN, Respondent and NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the insurance carrier from a decision and award of the Workmen's Compensation Board. The issues raised are extraterritoriality and policy coverage. The employer was engaged in the cutting and processing of lumber by the use of a portable sawmill which was moved from tract to tract. These tracts were leased. For two or three years prior to the accident, the employer had cut timber mostly in the State of New York, around Angelica. The claimant was rehired, following a previous employment, on May 24, 1954 and spent the first couple of days sawing lumber at the mill at Angelica. The mill was then dismantled and he assisted the employer in moving it to Nelson, Pennsylvania, a hamlet very close to the New York State line, where the portable mill was set up on a new tract of woods. Claimant lived in New York and his expenses back and forth to Nelson were paid by the employer. He performed various jobs, occasionally driving a truck to Angelica to pick up various parts for the mill. On June 26, 1954 the claimant was injured when a tree fell across his back while he was driving a tractor. In our view the board properly determined the question of extraterritoriality by finding on substantial evidence that the work was transitory. (Cf. *Matter of Baduski* v. *Gumpert Co.*, 277 App. Div. 591, appeal dismissed 302 N. Y. 702; *Matter of Nashko* v. *Standard Waterproofing Co.*, 4 N Y 2d 199; *Matter of Cradduck* v. *Hallen Co.*, 304 N. Y. 240.) A statement appropriate here, from the Court of Appeals opinion in *Nashko* (*supra*, p. 203) : " It cannot be said as a matter of law that this employment was so unrelated to and remote from our State that it was not intended to receive the benefit of our workmen's compensation act. There was sufficient evidence to warrant the board's finding and it should be upheld." The other question raised on this appeal is as to whether or not the policy issued by the appellant covered the claimant at the time of his accident. The appellant argues that the policy was limited to accidents occurring in New York State. The only location referred to in the policy appears to be the office-residence of the employer in Wellsville, New York and it is clear it was not meant to cover workers there because the employer was not conducting any work operations there. The policy itself states that it covers any injury sustained in the United States or Canada. Thus it would seem that the fact that the injury

occurred in Pennsylvania would not prevent it from being covered. The appellant further argues that the policy was limited to trucking operations and that therefore the claimant was not covered. The claimant here was injured in the course of the operation of the mill at Nelson, Pennsylvania, even though it perhaps had not been completely set up. The crucial question on the issue of coverage appears to be the effect of acceptance of an added premium by the appellant on this policy after the accident occurred. The appellant's argument that the policy was to apply only to trucking operations loses much of its force when it is seen that the additional bill which it sent on the policy included some wages at the premium rate for logging and lumbering. It appears that the amount so included was paid to one Walter Spencer who the payroll records indicate was doing logging and lumbering. It would seem that the inference is permissible that if the claimant had been listed as doing this type of work his wages would also have been included at this rate. However, as it was the claimant's wages for the period up to his accident were included in the total wages which were figured at the trucking rate and on the basis of which the bill for additional premiums was rendered. The appellant asserts that it was contesting the claimant's claim and it would be unreasonable to say that it had waived the question of coverage because of its acceptance of the additional premium. It would seem, however, that the appellant placed itself in the inconsistent position of denying that the claimant was covered and at the same time accepting a premium based on an inclusion of the claimant's wages. It would seem that the company's action here might be considered an estoppel in view of the fact that it was certainly aware of the accident here involved and it nevertheless rendered a bill including the claimant's salary. Therefore, the decision of the board should be affirmed but the appeal does not seem to be upon such unmeritorious issues, as the respondent asserts, that a penalty should be added under section 23 of the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.