Joseph **LACKOWITZ**

v.

**SOCONY MOBIL OIL COMPANY, Inc.**

v.

**PHILADELPHIA IRON WORKS, INC.**

Civ. A. No. 27065.

United States District Court
E. D. Pennsylvania.

May 10, 1961.

Arthur G. Raynes, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Richard E. McDevitt, Arthur H. Moss, Philadelphia, Pa., for defendant Socony Mobil Oil Co., Inc.

William T. Campbell, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant Philadelphia Iron Works, Inc.

EGAN, District Judge.

Plaintiff's diversity suit against Socony Mobil Oil Company, Inc. is based on personal injuries received by him while working at its Paulsboro, New Jersey, refinery, repairing a metal flare stack. This repair work was contracted to plaintiff's employer, Philadelphia Iron Works, Inc. (Iron Works), which was joined in the action in a third-party complaint filed by Socony on three grounds of indemnity: (1) Socony claims common law indemnity from Iron Works, alleging that the latter company's negligence caused the injuries to its employee; (2) Contractual indemnity is claimed by virtue of the written agreement wherein Iron Works promised to save Socony harmless from all claims for personal injuries resulting from the work of Iron Works or any sub-contractor; (3) Socony should be indemnified because Iron Works breached its warranty of workmanlike performance.

Initially, Iron Works moved to strike those paragraphs from the third-party complaint containing averments of negligence used to join it under the count of common law indemnity. This motion was later incorporated into a motion for summary judgment, reciting that the defendant's allegations relating to the indemnity agreement were not sufficient to state a cause of action against Iron Works. Iron Works has cited the controlling decisions in New Jersey, the place of the accident, which hold that an employer cannot be joined as third-party defendant for its negligence in an action by its employee for personal injuries. Farren v. New Jersey Turnpike Authority, 1954, 31 N.J.Super. 356, 106 A.2d 752, 754.[1] We agree with Iron Works that New Jersey law governs this point, for we must look to the place of the accident to determine the rights of the parties. Builders Supply Co. v. McCabe, 1951, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; Roth v. Greyhound Corp., D.C.E.D.Pa.1957, 149 F.Supp. 454. Therefore, so much of the third-party complaint as claims common law indemnity will be dismissed.

With regard to Socony's cause of action based on the contract of indemnity, Iron Works maintains that plaintiff's injuries were caused solely by the negligence of Socony, and that both the laws of Pennsylvania and New Jersey (whichever are applied) prohibit an indemnitee

---

[1] In this case defendant insisted that plaintiff's employer was a tortfeasor who was liable for contribution under the New Jersey Joint Tortfeasors Act, N.J. S.A. 2A:53A-1 et seq., notwithstanding the fact that the employment was covered by workmen's compensation. The court held, however, that the term "joint tortfeasors" under the Act meant "two or more persons jointly or severally liable in tort" and since a plaintiff employee cannot lawfully maintain an action in tort against his employer, the employer is not a party liable in tort within the meaning of the Act.

from recovering for the effects of his own negligence. Perry v. Payne, 1907, 217 Pa. 252, 66 A. 553, 11 L.R.A.,N.S., 1173; Quinones v. Township of Upper Moreland, D.C.E.D.Pa.1960, 187 F.Supp. 260; Cozzi v. Owens-Corning Fiber Glass Corp., 1960, 63 N.J.Super. 117, 164 A.2d 69.

■ This proposition doubtless is correct, but the third-party complaint assigns the negligence of Iron Works as the cause of plaintiff's injuries, which if proved at trial would protect Socony fully under the indemnity agreement. These contradictory positions must first be resolved before interpreting the indemnity agreement and determining the liability of the parties thereunder. Faced with this disputed question of fact, we cannot grant the motion for summary judgment.

The parties will submit an appropriate form of order consistent with this opinion.