ANTHONY TUFFARELLA, Plaintiff, *v.* ERIE RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellant. STAR CORRUGATED BOX COMPANY, Third-Party Defendant-Respondent.

Second Department, December 24, 1962.

*Davis Polk Wardwell Sunderland & Kiendl* (*J. Roger Carroll* of counsel), for appellant.

*Albert P. Thill* for respondent.

CHRIST, J. This action is one to recover damages for personal injury sustained by plaintiff in an accident which occurred in the State of New Jersey. At the time of the occurrence, plaintiff was a passenger in an automobile owned by his employer, the third-party defendant, Star Corrugated Box Company (hereafter referred to as "Star"). The automobile, then being operated by another of Star's employees, collided with a train owned and operated by the third-party plaintiff, Erie Railroad Company (hereafter referred to as "Erie"). Plaintiff sued Erie only, without joining Star as a party defendant. Thereupon Erie interposed a third-party complaint against Star.

*Inter alia*, Erie's third-party complaint alleges that, under and within the meaning of a certain substantive statute of New Jersey (Joint Tortfeasors Contribution Law [N. J. S. A., § 2A:53A-1–53A-5]; L. 1952, ch. 335), Star was a "joint tortfeasor" and as such would be liable for contribution in respect of any judgment which the plaintiff might procure against Erie. On a previous appeal, the legal sufficiency of that pleading and the basic propriety of the impleader of Star for the sole purpose of enforcing contribution, were upheld by this court. That determination, however, rested on the application of the New Jersey statute (*supra*) and on a certain New Jersey rule of court which create and implement the right of contribution even though only one of the tort-feasors has been sued by the injured person. Under *New York* law, no similar right to contribution exists in favor of a named defendant as against his fellow-tort-feasor whom the injured plaintiff has not chosen to sue (*Tuffarella* v. *Erie R. R. Co.*, 10 A D 2d 525, motion for leave to appeal denied 12 A D 2d 491, motion for leave to appeal dismissed 8 N Y 2d 709, 1040).

Subsequently, Star moved for summary judgment dismissing Erie's third-party complaint. From the order granting such motion (see 33 Misc 2d 1040), Erie now appeals. The appeal revolves about points of law which were not before us on Erie's previous appeal in which, by our reversal of the Special Term order then before us, we denied Star's motion to dismiss Erie's third-party pleading as patently insufficient.

These new points are based on the following undisputed statements and factual averments in the affidavit submitted in support of Star's motion for summary judgment: (a) That Star's place of business is in New York; (b) that, at the time of the accident, plaintiff was Star's employee and engaged in such employment; and (c) that plaintiff was "covered" under a workmen's compensation insurance policy which had been issued to Star and was in effect at the time of the occurrence. In the light of these

undisputed statements, the questions presented are whether Star's liability to plaintiff was for the compensation benefits only, and whether Star was a joint tort-feasor and liable as such for contribution. Of course, if Star was not a joint tort-feasor and was not liable for contribution, the foundation of the third-party complaint and of the right to implead Star in order to enforce such contribution would be removed.

Since the accident occurred in New Jersey, that State's tort law, rather than New York law, must be the basis for the determination of the question whether the conduct of the parties to the collision created substantive rights and obligations as among themselves. The fact that the New Jersey law is controlling was pointed out by Mr. Justice UGHETTA in his opinion on the previous appeal (10 A D 2d 525, 531), in which he cited and relied upon *Poplar* v. *Bourjois, Inc.* (298 N. Y. 62). On the present appeal the necessary reasoning must perforce include consideration of elements which have relationship to New York, namely: (a) the New York Workmen's Compensation Law (L. 1922, ch. 615, as amd.), pursuant to which employers in New York procure compensation insurance for their employees; and (b) the fact that Star, as a New York employer, procured such insurance.

The employer's duty to procure the insurance is *statutory*. However, that duty and the duty imposed on the employer to pay the benefits specified in the insurance policy and provided by the statute stem from an obligation *ex contractu*. That obligation is at least a constructive one; it arises by virtue of the employer-employee relationship (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544, 554; *Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9, 12; *Matter of Cameron* v. *Ellis Constr. Co.*, 252 N. Y. 394; cf. *Westchester Light. Co.* v. *Westchester County Small Estates Corp.*, 278 N. Y. 175, 180). "The contract creates the relation to which the law attaches the duty, and the same law which imposes the duty defines its orbit and its measure" (*Matter of Smith* v. *Heine Boiler Co., supra*, p. 12 [emphasis supplied]).

Clearly, resolution of the questions: (a) as to whether plaintiff's injury was covered by compensation insurance; and (b) as to whether Star's liability to plaintiff was therefore confined to the compensation benefits, must be upon the basis of New York law. Since the duty to secure compensation benefits and the orbit of the duty are governed by the New York statute, determination of any question as to the statute's construction in relation to the employer's liability under it, must follow the construction placed upon that statute by the New York courts (*Jessup* v. *Carnegie*, 80 N. Y. 441; *Leonard* v. *Columbia Steam*

*Nav. Co.,* 84 N. Y. 48). This is so even were it proper to say that the benefits flowed directly from a contractural obligation, since New York "has the most significant contacts" (*Rubin* v. *Irving Trust Co.,* 305 N. Y. 288, 305; *Auten* v. *Auten,* 308 N. Y. 155, 160) with the matters affecting the employment; and this would include the constructive agreement to secure compensation benefits.

The rule that the law of the place of the accident governs as to tort rights and obligations has been specifically applied in a case such as the instant one, to determine whether a defendant had a substantive right of contribution against a person whom the plaintiff had not joined as a defendant in the action (*Zotta* v. *Otis Elevator Co.,* 64 N. J. Super. 344; cf. *Lackowitz* v. *Socony Mobil Oil Co.,* 194 F. Supp. 146). In *Moretz* v. *General Elec. Co.* (170 F. Supp. 698, 704, mod. on other grounds 270 F. 2d 780) the precise conflict of laws question now before us was reviewed. It was there held that the question of whether or not a right of contribution existed must be determined by the law of the place of the accident, whereas questions relating to the injured employee's rights against his employer were to be determined by the law of the State whose workmen's compensation law defines and controls the rights and remedies of employee against employer.

Addressing ourselves then to the law of New York with respect to plaintiff's rights and remedies against Star, it is the settled law of this State that the fact that the injury sustained by an employee, who is covered under a workmen's compensation insurance policy issued pursuant to the New York statute, occurred outside the State of New York does not, in and of itself, render inapplicable the insurance coverage and the statutory benefits. If the employee's work outside the State was merely occasional and transitory, that circumstance would have an important influence in favor of holding that the insurance coverage and the statutory benefits were applicable. On the other hand, if the foreign situs was his fixed place of work, it would be an important influence in favor of a contrary holding (*Matter of Nashko* v. *Standard Water Proofing Co.,* 4 N Y 2d 199, 201–202; *Matter of Cradduck* v. *Hallen Co.,* 304 N. Y. 240; *Matter of Lewis* v. *Knappen Tippets Abbett Eng. Co.,* 304 N. Y. 461; cf. *Cardillo* v. *Liberty Mut. Co.,* 330 U. S. 469).

However, the foreign work situs is not the sole criterion. Other factors which should be considered are whether New York was: (1) the place of hiring; (2) the place from which the employment was controlled; (3) the place of the employee's residence; (4) the place from which the compensation insurance was

secured; and (5) the place from which the employer paid the employee's out-of-State expenses, if in fact the employer did pay such expenses. "'The facts in each case, rather than juristic concepts, will govern'" (*Matter of Nashko v. Standard Water Proofing Co., supra,* p. 201).

As to these several elements, the present record does not contain any factual statements which might be considered. However, since Erie has not disputed the statement in the moving affidavit that Star's place of business is in New York and that, at the time of the accident, plaintiff was engaged in its employ and was covered by its then extant workmen's compensation insurance policy, we hold that no issue of fact exists as to this phase of the case. Hence, we conclude as a matter of law that plaintiff was covered by such insurance and that his rights and remedies against Star are to be determined pursuant to the New York Workmen's Compensation Law. Under section 11 of that statute, the compensation benefits constitute Star's sole liability to plaintiff for the injury for which he has sought damages from Erie only.

Turning now to the question of whether, under New Jersey law, Star could be deemed a "joint tortfeasor" with Erie and liable as such to Erie for contribution, it appears that that question too is well settled. In *Farren v. New Jersey Turnpike Auth.* (31 N. J. Super. 356), the Appellate Division of the Superior Court of New Jersey held that, under the law of that State, an employer, whose liability to his employee for the latter's personal injury was solely for compensation benefits, could not be a "joint tortfeasor" with the party whom the employee had sued as a sole defendant; and, hence, that the employer could not be brought into the action for the purpose of obtaining contribution. The reasoning of the court was that the employee could not maintain a tort action against his employer; that, therefore, the employer was not liable in tort; that the term "joint tortfeasors" used in the New Jersey statute contemplated persons who were *in æquali jure*; that the relative responsibilities of the person whom the employee had sued and the employer were distinct and different; and that the test was joint *liability*, not joint, common or concurrent *negligence*. It should be observed that the *Farren* holding represents the majority rule in other jurisdictions (53 A. L. R. 2d 979 *et seq.*; 2 Larson, Workmen's Compensation Law, § 76.21, pp. 230–231).

The *Farren* case (*supra*) has been cited with approval in subsequent New Jersey decisions (viz., *Public Serv. Elec. & Gas Co. v. Waldroup,* 38 N. J. Super. 419; *Zotta v. Otis Elevator Co.,* 64 N. J. Super. 344, *supra; Hagen v. Koerner,* 64 N. J. Super.

580). Moreover, the *Farren* holding has been expressly approved by the Supreme Court of New Jersey (*Adler's Quality Bakery* v. *Gaseteria, Inc.,* 32 N. J. 55).

Erie's reliance on *Westchester Light. Co.* v. *Westchester County Small Estates Corp.* (278 N. Y. 175, *supra*) and on *Tabor* v. *Stewart* (277 App. Div. 1075) is misplaced. Those cases are not apposite. *Westchester Light.* was an action against the former employer of a deceased person to recover *indemnity* for payment of a judgment that had been procured against the plaintiff in a prior wrongful death action brought against it by the deceased employee's estate. It was held that the defense of maintenance of compensation insurance was insufficient, since the action was based on the defendant's "independent duty or obligation" to the plaintiff, that is, for *indemnity* as distinguished from *contribution*, and independent of the defendant's duty and obligation to its employee or to his estate. *Tabor* followed the holding in *Westchester Light.* The fallacy in Erie's purported analogy is that a person's right to contribution under the New Jersey statute is not based on a third-party defendant's duty or obligation to such person, independent of the third-party defendant's own liability status to the injured person. Such is the interpretation of the New Jersey statute in the *Farren* case, (*supra*).

It may be that Star's claim that it is not a joint tort-feasor and hence not liable for contribution, together with the facts in support of such claim, i.e., the facts which tend to establish Star's liability to plaintiff for workmen's compensation benefits only, should have been pleaded as an affirmative defense (see Civ. Prac. Act, § 242; cf. *Clark* v. *Monarch Eng. Co.,* 248 N. Y. 107). If it be assumed that such defense should have been pleaded, then the fact that it was not pleaded could have been availed of by Erie to defeat Star's motion for summary judgment (*Planet Constr. Corp.* v. *Board of Educ.,* 7 N Y 2d 381; *Moon* v. *Tollefsen Bros.,* 14 A D 2d 520; *Grande* v. *Torello,* 12 A D 2d 937; *Krohn* v. *Steinlauf,* 11 A D 2d 695; *Ziegler* v. *Mancuso & Alessio,* 283 App. Div. 813). Erie, however, has not raised any question as to Star's failure to plead such defense. Accordingly, we make no determination with respect thereto; and we determine this appeal solely on the merits of the questions raised as above set forth.

The order should be affirmed, with $10 costs and disbursements.

UGHETTA, Acting P. J., KLEINFELD, BRENNAN and RABIN, JJ., concur.

Order affirmed, with $10 costs and disbursements.