Margaret KANTLEHNER, as Administratrix of the Goods, Chattels and Credits of John Richard Kantlehner, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

The BOEING COMPANY and Pan American World Airways, Inc., Third-Party Defendants.

Civ. A. No. 65–C–1237.

United States District Court
E. D. New York.

June 27, 1967.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for defendant, and third-party plaintiff, United States.

Haight, Gardner, Poor & Havens, New York City, for third-party defendant, Pan American World Airways, Inc.

Philip J. Ryan, New York City, for plaintiff.

Haller & Small, New York City, for third-party defendant, The Boeing Co.

MISHLER, District Judge.

The third-party defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for an order dismissing the third-party complaint for failure to state a claim upon which relief can be granted, and for such other relief as may be just. Argument on these motions was originally heard on August 10, 1966, at which time none of the parties raised any problem relating to the choice of the governing law. In a memorandum of decision dated September 14, 1966, the court indicated that it was disposed toward granting the motions, but gave all parties an opportunity to submit additional papers in support of their respective claims. Since that time the parties have submitted affidavits and briefs on several occasions and, therefore, the court treats the motions as requests for summary judgment under Rule 56.

The plaintiff, a New York resident, is the administratrix of the estate of her husband, John Richard Kantlehner, who was killed on December 8, 1963, while performing his duties as flight engineer on Pan American World Airways, Inc.'s (Pan American) flight No. 214. The aircraft had departed Kennedy Airport in the early morning as a ferry flight to Philadelphia, Pennsylvania, and was to terminate back in New York later that same night. Upon arriving in Philadelphia, it took on passengers and proceeded on to Baltimore, Maryland and San Juan, Puerto Rico. On its return

trip, the plane again touched down in Baltimore for a short time before proceeding on to Philadelphia. At 8:24 P. M., it departed Friendship International Airport with seventy-three passengers and a crew of eight on board, and at 8:59 P.M. it crashed two miles east of Elkton, Maryland. Apparently, all persons aboard the aircraft were killed instantly.

The plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346 (1964) (FTCA), alleging that the fatal accident was caused solely by the negligence of the United States, and specifying the defendant's wrongful acts as follows:

1) failing to promulgate rules and regulations requiring aircraft operating within the United States to be equipped with static electricity coils;

2) permitting and instructing the aircraft to depart Friendship International Airport at a time when weather conditions were extremely unfavorable and unsafe;

3) failing to compile a complete and accurate survey of the weather conditions;

4) failing to maintain continuous visual observation of the weather conditions in the vicinity of the airport;

5) permitting and directing the aircraft to take a dangerous and unsafe course, knowing such course to be dangerous and unsafe; and

6) failing to direct the aircraft to return to Baltimore or to change to a safer and more proper course.

In its answer, the defendant both denied any negligence on the part of its employees or agents and argued, alternatively, that if it be found to have been negligent, such negligence was merely passive. In addition, it raised the affirmative defenses of contributory negligence and assumption of risk, and instituted a third-party action for indemnity or contribution against the Boeing Company (Boeing), the aircraft's manufacturer, and Pan American, its owner and operator.

In support of its third-party claims, the defendant asserts that the crash was caused solely by the negligence of one or both of the third-party defendants, and that any negligence attributable to the government was of a passive or secondary nature. Both third-party defendants maintain, in turn, that the third-party claims should be dismissed on the grounds that under the applicable law the defendant has no right of indemnity or contribution in this case. Pan American, alone, proffers two additional arguments: first, that the third-party claims are barred by the statute of limitations; and, second, that workmen's compensation benefits constitute the plaintiff's exclusive remedy against the airline.

### Right to Indemnity or Contribution

While Rule 14(a) of the Federal Rules permits a defendant to implead any person " * * * who is or may be liable to him for all or part of the plaintiff's claim * * *," it is merely a procedural mechanism, and cannot be utilized unless there is some substantive basis under the applicable law. General Dynamics Corp. v. Adams, 340 F.2d 271, 279 (5th Cir. 1965); Uptagrafft v. United States, 315 F.2d 200, 202–203 (4th Cir.) cert. denied, 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963); Brown v. Cranston, 132 F.2d 631, 633–634 (2d Cir. 1942), cert. denied, 319 U.S. 741, 63 S. Ct. 1028, 87 L.Ed. 1698 (1943); 3 J. Moore, Federal Practice ¶ 14.02, at 472–74 (2d ed. 1966). In this case, however, the question of which law governs presents several complex issues of both law and fact.

Under the FTCA, the United States is made liable for damages for personal injuries or death caused by the negligent acts or omissions of its employees as if it were a private litigant, and " * * * *in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b) (1964) (emphasis added). Although the Supreme Court has interpreted this language literally, and has rejected the view that an act or omission occurs where it has its operative

effect (i. e., place of injury), it has injected some flexibility into the statute by declaring that the reference should be made to the whole law of the jurisdiction, including its choice-of-law rules. Richards v. United States, 369 U.S. 1, 82 S. Ct. 585, 7 L.Ed.2d 492 (1962). In this case, however, one or more causally related negligent acts or omissions may have occurred in any combination of nine different jurisdictions:

1) *Maryland:* compilation of meteorological data; route clearance given; situs of crash;

2) *Delaware:* during flight the aircraft received instructions from New Castle;

3) *Pennsylvania:* compilation of meteorological data; aircraft under supervision of Philadelphia Approach Control at the time of crash;

4) *New York:* aircraft's home base, where presumably it was checked out before departure;

5) *Puerto Rico:* weather briefing given to crew;

6) *District of Columbia:* compilation of meteorological data; failure to prescribe static electricity coils; situs of high level discussions on aircraft's design and construction;

7) *Washington:* design, manufacture and production of the aircraft;

8) *Virginia:* compilation of meteorological data; and

9) *California:* situs of many discussions concerning aircraft's design and production.

Since a factual issue exists as to where the allegedly negligent acts or omissions occurred, it would be impossible to determine the applicable law at this stage of the proceedings unless the need to make such a choice is obviated; i. e., unless the circumstances present a false conflict. The government's failure to respond to the court's direction to state specific theories of liability, or to provide the court with factual information which might have reduced the number of jurisdictions where an operative act or omission may have occurred has only served to make the court's task more difficult.

*Claim for Contribution*

In this case, there are significant differences among the jurisdictions regarding the third-party plaintiff's right of contribution. For example, two jurisdictions, California [1] and New York [2] do not recognize a joint tortfeasor's right of contribution unless a joint judgment has been rendered, and one of the tortfeasors has paid more than his pro rata share. A substantive right of contribution without such conditions, however, has been created by statute in Delaware,[3] Maryland,[4] Pennsylvania,[5] and Virginia [6] and by judicial decision in the District of Columbia.[7]

Nevertheless, under the Richards case, the first step is to determine the applicable choice of law rule. Here again, the jurisdictions involved are not in full agreement. Seven of them follow the traditional rule that the law of the

1. Cal.Code of Civ.Proc. § 875. The cases indicate, however, that a joint tortfeasor may be impleaded for contribution if a special relationship exists between the parties other than their potential liability as joint tortfeasors. See, e.g., Balding v. D. B. Stutsman, Inc., Cal. App., 54 Cal.Rptr. 717 (3d Dist. 1966).

2. N.Y.C.P.L.R. § 1401 (McKinney 1963).

3. 10 Del.Code Ann. § 6302 (1933).

4. Md.Ann.Code art. 50, § 16–24 (1957).

5. 12 P.S. § 2083 (Purdon Supp.1966); Rule 2252, Pa.R.Civ.P.

6. Va.Code Ann., tit. 8–627; Nationwide Mut. Ins. Co. v. Jewel Tea Co., 202 Va. 527, 118 S.E.2d 646 (1961).

7. Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662, 665–666 (1949); George's Radio, Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219, 221 (1942).

place of death governs,[8] while New York and Pennsylvania have adopted a significant contacts approach.[9] Accordingly, the former group of jurisdictions would follow Maryland law, while the latter group would consider that the occurrence of the crash in Maryland was a fortuitous circumstance, and would apply the law of a jurisdiction having what they considered to be a greater interest in the resolution of the issue in controversy.[10]

As noted earlier, Maryland law confers a substantive right of contribution upon joint tortfeasors which may be enforced through the procedural device of impleader.[11] Of course, if the same substantive result would be achieved under the more modern conflicts theories, there would be no actual conflict and, therefore, it would be unnecessary, for the purposes of this motion, to determine where the operative acts or omissions occurred.

The particular issue to which the "significant contacts" approach would be applied, is whether under the circumstances in this case the United States may implead both the airline and the aircraft's manufacturer for contribution. This problem's obvious relationship to federal fiscal policies has prompted Professor Moore to argue that the federal courts should fashion a uniform federal rule. 3 J. Moore, supra, at ¶ 14.29. The government's right to seek contribution or indemnity is a recurrent problem which only affects state interests in a remote sense. Indeed, there appears to be little justification for the law in this area to vary in accordance with the differing rulings of the several states simply because one crash occurs in one particular section of the country and another crash occurs elsewhere. See, United States v. Standard Oil of Calif., 332 U.S. 301, 310, 67 S.Ct. 1604, 1609, 91 L.Ed. 2067 (1947). Moreover, by referring to state law, it is possible to reach the anomalous conclusion that the determination of the legal relations between defendants arising out of the same accident will vary according to the residence of the plaintiff. See, 2 J. Weinstein, H. Korn, & A. R. Miller, N.Y.Civ.Prac. ¶ 1401.02 (1966).

Nevertheless, while the matter at issue appears to be distinctively federal in character, Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L. Ed. 838 (1943), the cases have construed the FTCA as selecting state law as the federal rule. See, e. g., United States v. State of Arizona, 214 F.2d 389 (9th Cir.

---

**8.** Lewis v. R.F.C., 85 U.S.App.D.C. 339, 177 F.2d 654 (1950); DeVane v. United States, 259 F.Supp. 18 (D.Puerto Rico 1966); St. Clair v. Righter, 250 F. Supp. 148, 155 (W.D.Va.1966); Wiener v. United Air Lines, 237 F.Supp. 90, 93 (S.D.Cal.1964); Jeffrey v. Whitworth College, 128 F.Supp. 219, 221 (E.D. Wash.1955); Gordon v. Reynolds, 187 Cal.App.2d 472, 10 Cal.Rptr. 73 (1961); Friday v. Smoot, 211 A.2d 594, 595–597 (Del.1965); Pack v. Beach Aircraft Corp., 50 Del. 413, 11 Terry 413, 416, 132 A.2d 54, 56, 67 A.L.R.2d 207 (1957); White v. King, 244 Md. 348, 223 A.2d 763 (1966); Tobin v. Hoffman, 202 Md. 382, 96 A.2d 597 (1953).

It should be noted that some of the above cited cases were decided prior to the initiation of a trend in the decisions toward a "governmental interest" or "significant contacts" approach. Thus, two commentators have predicted that the California Supreme Court will soon repudiate its traditional view and adopt such a rule. Schnake & Murad, Conflicts of Laws—Torts—California, 16 Hast.L.J. 42, 57 (1964).

**9.** Long v. Pan Am. World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965); Griffith v. United Air Lines, Inc., 416 Pa. 1, 21, 203 A.2d 796, 805 (1964).

**10.** See, Long v. Pan Am. World Airways, Inc., supra, n. 8. The *Long* case arose out of the same crash as the present action. The decedent in that case was a Pennsylvania resident and had bought his ticket in that state. The Court of Appeals held that Pennsylvania law governed.

**11.** Supra, n. 4.

1954).[12] As such, " * * * the statutory scheme is exemplary of the generally interstitial character of federal law." Richards v. United States, supra, 369 U. S. at 7, 82 S.Ct. at 589, 7 L.Ed.2d 492.

█ The Court holds that under a "significant contacts" approach New York law should be applied. The situs of the crash in Maryland was a fortuitous circumstances, and while flight No. 214 was essentially a Pennsylvania flight, the decedent with whom this action is concerned was a New York resident, and the aircraft was home-based in New York. Although the general principles which underly the doctrine of contribution [13] normally would lead a court to regard the plaintiff's residence as a relatively insignificant factor, New York's law of contribution rests upon a policy which is of sufficient weight to tip the scales in favor of the application of that state's law. Section 1401 of the CPLR permits a defendant to secure contribution from his other defendants only where a joint judgment has been recovered and the former has paid more than his pro rata share. One purpose of that section is to give New York plaintiffs the right to commence and prosecute their actions, and to satisfy any judgment that they may be awarded, without having to contend with undue interference or delay resulting from controversies among their adversaries. See, 2 J. Weinstein, H. Korn & A. R. Miller,

supra. In this case, the decedent was a New York resident, as is the plaintiff and the rest of decedent's immediate family.

█ New York's interest in effectuating its policy underlying its law of contribution, however, does not exhaust that state's contracts with the matter at issue. The forum state always has some interest in the application of its own law, and one of the third-party defendants, Pan American, is a New York corporation. Furthermore, New York also predominates by the process of elimination, since none of the other nine jurisdictions appears to possess a strong interest in the question. Of course, this does not necessarily hold true for other issues which may arise during the course of this litigation, and it is entirely possible that the law of another jurisdiction should be deemed to govern such matters.

In any case, on the question of the government's right of contribution, the choice-of-law rules of the nine jurisdictions involved require the application of either Maryland law, the law of the place of the injury, or New York law, the law of the place having the most significant contacts with the specific issue in controversy. Normally, the latter's substantive rules on contribution would operate more restrictively than the former's, and on actual conflict would exist. In this action, however, the. laws of both states would compel the same result regarding the government's claim against Pan

---

12. Apparently, the Supreme Court agrees: Of course, there is no immunity from suit by the Government to collect claims for contribution due it from its joint tort-feasors. The Government should be able to enforce this right in a federal court not only in a separate action but by impleading the joint tort-feasor as a third-party defendant * * *. It is fair that this should act both ways. However, if the Act is interpreted as now urged by the Government, it would mean that if an injured party recovered judgment against the Government, the Government then could sue its joint tort-feasor for the latter's contributory share

of the damages (local substantive law permitting). On the other hand, if the injured party recovered judgment against the private tort-feasor, it would mean that (despite local substantive law favoring contributory liability) that individual could not sue the Government for the latter's contributory share of the same damages. United States v. Yellow Cab Co., 340 U.S. 543, 551–552, 71 S.Ct. 399, 405, 95 L.Ed. 523 (1951) (emphasis added).

13. See, e.g., George's Radio, Inc. v. Capital Transit Co., supra n. 6.

American, because they concur on the effect of New York's Workmen's Compensation Law.

### Workmen's Compensation

■ Section 11 of New York's Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, declares that:

The liability of an employer prescribed by the last section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death * *.

In this action, the plaintiff has already received workmen's compensation payments, and Pan American argues that such payments constitute a complete defense to the third-party claim against the company for contribution. The court finds that this contention must be sustained.

Under New York law, of course, there is no right of contribution under the circumstances presented. N.Y.C.P.L.R. § 1401 (McKinney 1963). While Maryland law would compel the same result, the conceptual basis is quite different. Section 16(a) of Maryland's version of the Uniform Contribution Among Tortfeasors Act [14] defines joint tortfeasors as " * * * two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." The Maryland courts have held that this provision clearly indicates that there must be a common tort liability to an injured person. Baltimore Transit Co. v. State ex rel. Schriefer, 183 Md. 674, 39 A.2d 858, 860, 156 A.L.R. 460 (1944). "The common obligation contemplated by this Act is the common liability of the Tortfeasors to suffer adverse judgment at the instance of the injured person whether or not the injured person elects to impose it." Id. at 680, 39 A.2d at 860 (quoting the notes of the Commissioners of the Uniform Act.) Workmen's compensation acts, however, substitute limited and exclusive liability, regardless of fault, for an employer's common law liability for negligence. Therefore, an employer liable under a workmen's compensation statute creating an exclusive liability is not considered to be a "joint tortfeasor" within the meaning of the Uniform Act. Ibid. See also, American Mut. Liability Ins. Co. v. Matthews, 182 F.2d 322 (2d Cir. 1950); Tuffarella v. Erie R. R., 17 A.D.2d 484, 236 N.Y.S.2d 503 (2d Dep't 1962), aff'd mem., 13 N.Y.2d 1045, 195 N.E.2d 454, 245 N.Y.S.2d 769 (1963); Note, Contribution and Indemnity: The Effect of Workmen's Compensation Acts, 42 Va.L.Rev. 959, 963–64 (1956). C. f., Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940).

### Statute of Limitations

■■ Pan American's argument that the third-party claims are barred by the statute of limitations is rejected and, therefore, is no help to Boeing in its opposition to the claim for contribution. A party's right to either indemnity or contribution is derivative, and remains inchoate until the settlement or resolution of the primary action. The cause of action, for limitations purposes, does not accrue until the payment has been made. Southern Md. Oil Co. v. Texas Co., 203 F.Supp. 449, 452 (D.Md.1962); accord, Rizzo v. Steiner, 36 Misc.2d 701, 704, 233 N.Y.S.2d 647, 651 (Sup.Ct.1962). Thus, the third-party action is timely.

### Indemnity Claim

■■ Whereas contribution seeks reimbursement from joint tortfeasors *in pari delicto*, and results in a division of the damages, a right of indemnity exists where the parties are not equally culpa-

14. Supra, n. 4.

ble, and has the effect of shifting the entire loss to the more culpable wrongdoer. See, e. g., United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir.) cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964); W. Prosser, Torts § 47, at 278 (3d ed. 1964). Some states,[15] including New York and Maryland, have expressed the same principle in terms of permitting the "passive" tortfeasor to recover from the "active" one. Maryland v. Capitol Airlines, Inc., 280 F. Supp. 648 (S.D.N.Y.1964); Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co. v. Travelers Ins. Co., 233 Md. 205, 196 A.2d 76 (1963); McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463 (1952).

■ In this case, either the law of Maryland or New York would govern the government's claims for indemnity. The acts of negligence with which it is charged all amount to active negligence, and the court perceives no factual disparity between the parties to the third-party action that would lead it " * * * to conclude that an unjust or unbalanced judgment would result if the tortfeasors are held to have been *in pari delicto* and are not allowed indemnity." Ingham v. Eastern Air Lines, Inc., 373 F.2d 227, 240 (2d Cir. 1967). Accordingly, the third-party claims for indemnity against both Pan American and Boeing must be dismissed.

### *Disposition*

■ In summary, Pan American's motion for summary judgment is granted as to both aspects of the third-party complaint, and Boeing's motion is granted as to the claim for indemnity. Since factual disputes remain relating to the government's claim against the latter for contribution, however, Boeing's motion for summary judgment on that aspect must be denied.

Settle order on two (2) days' notice.

15. In suits under FTCA, common law indemnity claims, as opposed to those based upon contracts, are governed by state law. Guy Atkinson Co. v. Merritt, Chapman & Scott Corp., 141 F.Supp. 833, 834–835 (N.D.Cal.1956).