IRVING S. DICK, Plaintiff, *v.* SUNBRIGHT STEAM LAUNDRY CORP., Defendant, and Third-Party Plaintiff-Respondent. CITY OF NEW YORK, Third-Party Defendant-Appellant.

Argued April 7, 1954; decided July 14, 1954.

*Adrian P. Burke, Corporation Counsel* (*Leo Sachnoff, Harry E. O'Donnell* and *Benjamin Offner* of counsel), for appellant. I. Whether or not the city, as landlord, agreed with its tenant to keep in repair the sewers on the premises, the city as landlord is not " liable over " to its tenant, under any theory of law, for damage to the adjoining premises caused by any alleged defects in such sewers. (*Wolf* v. *La Rosa,* 272 App. Div. 932, 298 N. Y. 597; *Cloud* v. *Martin,* 273 App. Div. 769; *Green* v. *Hudson Shoring Co.,* 191 Misc. 297; *Fox* v. *Western N. Y. Motor Lines,* 257 N. Y. 305; *Verder* v. *Schack,* 191 Misc. 935; *Del Longo* v. *Bennett-Brewster Co.,* 192 Misc. 426; *Clarke* v. *Phelps,* 215 App. Div. 500; *Jameson* v. *Keystone Warehouse Co.,* 210 App. Div. 212; *Thompson-Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36; *Employers' Liability Assur. Corp.* v. *New York Linen Supply & Laundry Co.,* 239 N. Y. 560; *Manhattan Ry. Co.* v. *Cornell,* 54 Hun 292, 130 N. Y. 637; *Cullings* v. *Goetz,* 256 N. Y. 287.) II. A claim on which an action against the city is founded must be presented to the comptroller for adjustment at least thirty days before commencement of the action. The tenant's failure to allege such presentation requires a dismissal of the complaint. (*Reining* v. *City of Buffalo,* 102 N. Y. 308; *Foley* v. *Mayor of City of N. Y.,* 1 App. Div. 586; *Venditti* v. *City of New York,* 187 Misc. 84.)

*Samuel Wollan* for respondent. I. The City of New York is properly brought in as a third-party defendant herein. (*Condon* v. *Associated Hosp. Service,* 287 N. Y. 411; *McFall* v. *Compagnie Mar. Belge,* 304 N. Y. 314; *Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, 298 N. Y. 686; *Cullings* v. *Goetz,* 256 N. Y. 287; *Sterger* v. *Van Sicklen,* 132 N. Y. 499.) II. It is not necessary to allege in the complaint that the claim was presented to the comptroller for adjustment prior to the commencement of suit. (*Flaxman* v. *City of New York,* 98 Misc. 88; *Smith* v. *City of New York,* 88 App. Div. 606.)

DYE, J. The City of New York appeals to this court by permission of the Appellate Division, First Department, from its nonunanimous order affirming an order of the Supreme Court, New York County, denying the city's motion to dismiss the amended third-party complaint for failure to state a cause of action. The following question has been certified: "Was the order of Special Term proper in denying the third-party defendant's motion to dismiss the amended third-party complaint herein pursuant to Rule 106 of the Rules of Civil Practice on the ground that it appears on the face thereof that the amended third-party complaint does not state facts sufficient to constitute a cause of action?"

The enactment of section 193-a of the Civil Practice Act has greatly simplified third-party practice but has not in any way changed underlying principles of tort liability. Under it the joinder of a nonparty is permitted whenever he is or may be liable to the defendant for all or part of plaintiff's claim against him (*Wolf* v. *La Rosa & Sons,* 272 App. Div. 932, affd. 298 N. Y. 597).

In the third-party amended complaint now before this court, it is alleged that at all times mentioned the city " owned, controlled and maintained premises known as 522 East 119th Street, in the Borough of Manhattan, City and State of New York, and all the sewer gutters, sewer mains and sewer pipes of said premises " and that under the terms of its lease with the defendant laundry it covenanted to " maintain and keep in good condition and repair, all the sewer gutters, sewer mains and sewer pipes in * * * [said] premises " and that it failed to do so following due and timely notice and demand.

Significantly enough, there is no allegation of any lease provision that the city as landlord had retained the right to re-enter the premises for the purpose of making repairs or that it had ever done so. It has long been the rule that a landlord's covenant to repair, standing alone, imposes upon the landlord no liability in tort either to the tenant or a third party. Such a liability is an incident to occupation and control (Restatement, Torts, § 357), which is not deemed reserved by a covenant to repair (*Cullings* v. *Goetz,* 256 N. Y. 287), nor may it be treated as a contract of indemnity unless specifically so stated — and here

it is not (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36). Indemnification against one's own negligence must be clearly expressed (*Employers Liability Assur. Corp.* v. *New York Linen Supply & Laundry Co.*, 239 N. Y. 560; *Manhattan Ry. Co.* v. *Cornell*, 54 Hun 292, affd. 130 N. Y. 637).

According to the complaint of the original plaintiff herein, the plaintiff alleges that his injuries were due to the negligent and careless maintenance and operation of the laundry machinery by reason of defective plumbing causing the seepage of waste water into his premises, inflicting the damage complained of and constitutes a nuisance, the continuance of which should be restrained and enjoined. Assuming this to be true — for indeed we must on a motion of this sort — that allegation casts the third-party plaintiff as original defendant in the roll of an active tort-feasor and, as such, is not in a position to compel contribution or indemnification by the city, absent an agreement so to do. Read in such light, the third-party complaint fails to state a cause of action against the city on any theory and must be dismissed.

We pass on no other question.

The order of the Appellate Division and that of Special Term should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein. The question certified is answered in the negative.

FULD, J. (dissenting). Appellant city seeks a reversal upon two grounds — first, that the third-party complaint is insufficient because it omits to allege that the third-party plaintiff's claim was presented to it and, second, that said third-party complaint fails, in any event, to state a cause of action against it.

Since the majority has found it unnecessary — in the view it has taken — to consider the first ground, we deem it sufficient simply to note our opinion that the provision of the Administrative Code, requiring presentation of " claims " against the City of New York to its comptroller " for adjustment " " at least thirty days " prior to commencement of suit (Administrative Code of City of New York, § 394a–1.0, subd. a), is not, and cannot, in the very nature of things, be applicable to a third-party action, where the liability of the city, brought in as the

third-party defendant, is necessarily contingent and dependent upon the outcome of the primary action against the third-party plaintiff.

The court has discussed the city's second contention, and to that we turn. While it may be true, as the opinion of the majority declares, that a landlord is not liable to a tenant for damages caused by a failure to repair, absent his control of the premises, that cannot help appellant, for the third-party complaint here charges in so many words such control by the landlord. It is expressly alleged that appellant city " owned, controlled and maintained premises known as 522 East 119th Street * * * and all the sewer gutters, sewer mains and sewer pipes of said premises." It is also alleged that under the provisions of its lease with the tenant the city covenanted to maintain and keep in good condition and repair such gutters, sewers and pipes, that it failed to do so and that its failure caused the damage to the original plaintiff's premises.

A third-party suit, the applicable statute provides, " must be related to the main action by a question of law or fact common to both controversies " (Civ. Prac. Act, § 193-a, subd. 1), and, accordingly, we examine the pleadings to determine whether they disclose that " common " question. The allegation that the city " controlled " the premises and the sewer mains and sewer pipes is certainly more than enough to create an issue of fact as to its liability for failure to repair: the question of such liability is " common to both controversies ". And, in view of the complaint's explicit recital of control in the landlord, it is of no consequence that there is no allegation that the landlord, in connection with its covenant to repair, " had retained the right to re-enter the premises " in order to make repairs, for such a right is but one of the indicia of control.

Nor does the fact that the original complaint recites that the defendant, the third-party plaintiff, " operated and was in possession of " the premises in question warrant the conclusion, at this pleading stage, that the third party had such possession or control of the sewer mains and sewer pipes as to render it jointly liable with the city and thereby prevent a recovery over. Since, then, the third-party plaintiff may be able to prove that the city alone caused the damage, it was privileged to bring in

the city as " a person not a party to the [original] action, who is or may be liable to  *  *  *  [it] for all or part of the plaintiff's claim against " it (Civ. Prac. Act, § 193-a, subd. 1).

We would affirm the order of the Appellate Division.

CONWAY, FROESSEL and VAN VOORHIS, JJ., concur with DYE, J.; FULD, J., dissents in an opinion in which LEWIS, Ch. J., and DESMOND, J., concur.

Orders reversed, etc.