■ PAUL CINAT et al., Plaintiffs, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant and Third-Party Plaintiff-Respondent. S. R. DADE REALTY, INC., Third-Party Defendant-Appellant.— Plaintiff Mary Cinat was injured when she slipped and fell over an allegedly defective platform at the entrance of a store. She sued the Great Atlantic & Pacific Tea Company, operator of the store under a lease, to recover damages for personal injuries, and her husband sued said lessee for medical expenses and loss of services. The said lessee served a third-party summons and complaint on S. R. Dade Realty, Inc., the landlord of said premises, alleging a covenant by the landlord, contained in the lease, to make repairs to the exterior of the building. This appeal is by the landlord from an order denying its motion to dismiss the amended third-party complaint on the ground that it does not state facts sufficient to constitute a cause of action. Order reversed, without costs, and motion granted, with leave to respondent, if so advised, to serve a further amended third-party complaint within 20 days after the entry of the order hereon. Although the amended third-party complaint alleges a covenant on the part of appellant to repair, it contains no allegation that appellant retained any control over the premises, sufficient to give rise to liability for tort, or that appellant had retained the right to re-enter the premises for the purpose of making repairs. A landlord's covenant to repair, standing alone, imposes on the landlord no liability in tort either to the tenant or to a third party. Such a liability is an incident to occupation and control, which is not deemed reserved by a covenant to repair. Neither may such a covenant be treated as a contract of indemnity, unless it is specifically stated so to be. (*Dick* v. *Sunbright Steam Laundry Corp.*, 307 N. Y. 422; *De Clara* v. *Barber S. S. Lines*, 309 N. Y. 620; *Cullings* v. *Goetz*, 256 N. Y. 287.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ JOHN CIRILLO et al., Appellants, v. G. W. WESTENHOFER, INC., Respondent.— Appeal from an order of the City Court of White Plains denying a motion to vacate and set aside a verdict and for a new trial, on the ground of irregularities and trial errors. Order unanimously affirmed, with $10 costs and disbursements, without prejudice to appellants' right to a review of such trial errors as can be fairly considered upon a case on appeal. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ PHILIP EDELSTEIN, Respondent, v. JOSHUA HACKER et al., Appellants.— Appeal from an order denying a motion to dismiss the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the alleged agreement upon which the cause of action is founded is unenforcible under the Statute of Frauds. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. In our opinion, the only cause of action pleaded is based on an alleged breach of an oral agreement to lease a gasoline service station to respondent for a period of 21 years. That agreement is unenforcible under the Statute of Frauds, and, under the facts as pleaded, no right to a recovery is alleged. (Cf. *Dung* v. *Parker*, 52 N. Y. 494; *Redlark Realty Corp.* v. *Minkin*, 306 N. Y. 762.) However, as respondent may be able to allege a cause of action different from the one set forth in the complaint, he may, if so advised, serve an amended complaint within 10 days after service of a copy of the order to be entered hereon, with notice of entry, upon the payment of the aforesaid costs. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.