■ JOHN KORCHANSKI, Plaintiff, v. STELLAR STEEL, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. A. FRIEDERICK & SONS COMPANY, INC., Third-Party Defendant-Appellant-Respondent.— Order reversed, with $10 costs and disbursements and motion denied, with $10 costs. Memorandum: The complaint in this action alleges that plaintiff, an employee of A. Friederick & Sons, Inc., was injured when he fell though a skylight that defendant, "its employees, agents or servants" had insufficiently covered. The pleading alleges that plaintiff's employer was a subcontractor and that the defendant was the general contractor. The latter served a third-party complaint and therein the status of those performing work is reversed. It is alleged that A. Friederick & Sons was the general contractor and Stellar Steel a subcontractor. Special Term dismissed the third-party complaint — apparently without notice to plaintiff — upon the application of certain legal principles based upon a concession of the parties to the third-party action that the allegations of the third-party complaint, as to the status of the parties, were correct and by implication that the allegations of the complaint were incorrect. It is familiar law that upon a motion to dismiss a third-party complaint the allegations of the original complaint must be assumed to be true. (*Dick* v. *Sunbright Steam Laundry Corp.*, 307 N. Y. 422, 425.) It well may be that these allegations in the complaint are not accurately stated but the assumed truthful allegations of such pleading may not be cavalierly restated by the concession of third parties to a cause of action. Issues of fact are presented that require a trial before the respective liabilities of the third parties plaintiff and defendant may be determined. All concur. (Cross appeals by the third-party plaintiff and defendant from order of Monroe Special Term granting a motion for dismissal of the third-party complaint but denying the further motion by the third-party defendant for a severance of the third-party action from the original action and entry of judgment in favor of the third-party defendant for a dismissal.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ ADELINE BULLARD, Respondent, v. OLYMPIA CICCARELLI, Appellant.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe County Court for plaintiff in an action for damages for personal injuries alleged to have resulted by reason of defective stairway in two-family dwelling.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ CITY OF SYRACUSE, Respondent, v. WILLIAM G. WRIGHT et al., Appellants.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order of Onondaga Special Term restraining proceedings to place a local law on the ballot for the general election to be held November 3, 1959.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ. (Order entered October 29, 1959.)