Burke, J.
This action is brought by plaintiffs against Luckenbach, Atlantic and Muehlstein for the alleged negligent injury to property arising out of a fire and explosion that occurred upon a pier at the foot of 35th Street, Brooklyn, New York City. Defendant Luckenbach, which operated the pier, entered into a contract with defendant Atlantic, under which the latter was to repair Luckenbach’s cargo-handling equipment affixed to the north side of the pier. In the course of its work under such contract, Atlantic operated oxyacetylene torches in the vicinity of a variety of combustible, inflammable and explosive shipments, including Cordeau detonating fuse or Primacord containing explosives. Sparks from the torch are alleged to have ignited rubber scrap and the fire spread to the Primacord which exploded. The rubber scrap, which was delivered by Muehlstein about a month before the fire and placed by Luckenbach on the north side of the pier, is claimed to have been so insecurely packed in the burlap bags that the stevedores refused to load it and some of it spilled out of the bags and scattered loosely around the pier deck.
Muehlstein, by permission of the Appellate Division, First Department, seeks to reverse an order which modified an order of the Special Term, New York County, dismissing a cross complaint by Luckenbach Steamship Co., Inc., against H. Muehlstein & Co., Inc., and reinstated the cross complaint. The Appellate Division certified the following question: “ Is the first cross-complaint against the defendant H. Muehlstein & Co., Inc. contained in the amended answer of the defendant, Luckenbach Steamship Co., Inc., sufficient in law? ”
The answer to that question involves a determination of whether Luckenbach may seek indemnity. ' Luckenbach’s cross^ *430 claim for indemnity alleges the primary active negligence of Mnehlstein and claims that if Luckenbach is held liable it will be due to the active fault of Muehlstein.
The culpability of the person seeking indemnity determines whether recovery will be allowed against a joint tort-feasor. A right to implied indemnity does not exist if a defendant’s conduct was active. (Middleton v. City of New York, 300 N. Y. 732; Sannit v. Buffalo Wire Works Co., 302 N. Y. 820; Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422; Coffey v. Flower City Carting & Excavating Co., 2 N Y 2d 898; Balch v. Richby Realty Corp., 4 N Y 2d 1006; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447 [1959]; Bernardo v. Fordham Hoisting Equip. Co., 6 N Y 2d 733; Berg v. Town of Huntington, 7 N Y 2d 871.)
Acts of omission constitute active negligence as well as acts of commission (McFall v. Compagnie Mar. Belge, 304 N. Y. 314; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, supra) and where defendant is alleged to have participated in or “ concurred in the wrong which caused the damages ” there is no right of recovery over (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 465). Moreover, where there is a charge of notice, a failure to perform the duty to inspect may not be deemed mere passive negligence (25 N. Y. U. L. Rev. 845, 859; 39 Cornell L. Q. 484, 499; 28 Fordham L. Rev. 782, 786). But, where a complaint alleges several separate and distinct theories of negligence, a claim over may be allowed if the recovery sought is based on passive negligence (e.g., Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, supra).
We have concluded that the complaint does not contain allegations of passive negligence against Luckenbach which would make Luckenbach liable for Muehlstein’s active negligence. An analysis in context of the allegations of the complaint of the plaintiffs as a whole convinces us that Luckenbach is charged with the creation and continuance of a dangerous situation and a participation1 ‘ in the wrong which created the damage ’ ’ which are the basis of its liability. Any contribution to the dangerous situation which was attributable to Muehlstein was made operative through the concurring acts of Luckenbach. Since actual fault is the predicate for liability against Luckenbach, it cannot claim over against Muehlstein.
None of the allegations in the complaint can be construed as charging Luckenbach with liability without actual fault on its *431 part. After describing Luckenbach’s possession and operation of the pier, including the situs of the inflammable and explosive materials, the plaintiffs allege that Atlantic was using the torches 1 £ with the knowledge, consent and approval of the defendant, Luckenbach ’ ’, and they define the negligence of Luckenbach in terms of its continuance of the storage of the rubber in spite of its rejection of the bags of rubber for lack of fitness for transportation.
The gravamen, therefore, of the plaintiffs’ charges is that Luckenbach negligently maintained its pier and appurtenances so it was inherently dangerous and constituted a nuisance and a fire hazard. The reference to the knowledge of the torch operations of Atlantic, the storing of inflammable and explosive materials and the disorder on the pier, are illustrations of conduct which constituted negligent maintenance of the pier by Luckenbach. It is evident that Luckenbach is not charged without fault on its own part for a wrong caused solely by an actively negligent act of the shipper, Muehlstein, or in combination with a negligent act of another party. A consideration of the claim of negligence against Muehlstein confirms the conclusion that the careless management of the operations on the pier by Luckenbach is the foundation of the plaintiffs’ claim for damages against Luckenbach. Plaintiffs assert that Muehlstein negligently packed ground foam rubber, a highly combustible material, in torn and insecure burlap bags which broke and permitted the rubber to scatter about the pier near where Atlantic was using the torches; that the rubber spilled out and became a fire hazard; that the stevedores (agents of Luckenbach) refused to load the bags on a vessel, and that Muehlstein and Luckenbach carelessly failed to remove the bags and the rubber which had spilled out on the pier.
These allegations demonstrate that even in regard to the part that Muehlstein cargo played in the catastrophe the plaintiffs intend to prove that Luckenbach knew of the defective packing and was equally responsible with Muehlstein in connection with the failure to correct the disorder on the pier caused by the defective bags of rubber. It is evident then that Luckenbach was believed by plaintiffs to be at least as responsible in respect to this occurrence as Muehlstein from whom Luckenbach seeks indemnity.
*432 Such notice is sufficient to place Luckenbaoh in pari delicto with Muehlstein and defeat indemnity. Clearly Luckenbaoh, it is alleged, had the same knowledge as Muehlstein concerning the “ kind ” of cargo it had accepted from Muehlstein and the condition of the packing, and permitted it to remain on the pier for an extended period of time. Once Luckenbaoh accepted the material and stored it on a pier operated and controlled by it, responsibility for its effect on the pier operations was assumed. The condition, the kinds of cargo, and the location on the pier naturally create different maintenance problems within the ambit of Luckenbaoh’s responsibility. Decisions in regard to the continued acceptance and storage of such cargo after notice, therefore, can hardly be deemed passive.
A comparison of the facts in McFall v. Compagnie Mar. Belge (304 N. Y. 314, supra) with the allegations in this complaint here exemplifies the differences in similar circumstances between active and passive negligence. In that case Beige was not charged with creating or maintaining a dangerous situation, but with failing to provide a safe place to work. Eecovery against Dow the shipper was permitted because Dow, without the knowledge of Beige, created the dangerous condition which affected the safety of the work area. If the containers had been free of defects, the area would have remained safe. Had Beige, in the McFall case, been charged with maintaining a dangerous place in the sama sense as Luckenbaoh is charged with here', and the defective containers were placed in the existing unsafe area, both Beige and Dow would have been actively negligent and in pari delicto. Beige would not have been cast in damages solely because of Dow’s negligence but by reason of its own participation in the wrong. In this case Luckenbaoh cannot be held liable solely because of the alleged misconduct of Muehlstein but only for its own culpability. The clistiriction was aptly expressed in Gray v. Boston Gas Light Co. (114 Mass. 149, 154), wherein the court discussing the question wrote: “ When two parties, acting together,- commit an illegal or wrongful act, the party who is held responsible for the act cannot have indemnity or contribution from the other, because both are equally culpable, or participes criminis, and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is *433 thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such cases the parties are not in pari delicto as to each other, though as to third persons either may be held liable.” (Emphasis added.)
Since Muehlstein and Luckenbach are participes crimmis as to each other, if the allegations of the complaint are proven, there is no basis in fact or law for recovery over by Luckenbach.
Accordingly, so much of the order of the Appellate Division as modified the order of Special Term dismissing the complaint of defendant Luckenbach should be reversed and the question certified should be answered in the negative.
Judges Dye, Froessel, Van Voorhis and Foster concur with Judge Burke ; Chief Judge Desmond and Judge Fuld dissent and vote to affirm.
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.