**Frieda H. COLLINS, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

**BERLIN SECURITIES CORP., a/k/a Berlin Securities, Inc., Third-Party Defendant.**

United States District Court
S. D. New York.
Aug. 20, 1963.

Alexander Mozeson, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for the United States; Stephen Charnas, New York City, of counsel.

Bernard Helfenstein, Brooklyn, N. Y., for third-party defendant; Herbert Minster, Brooklyn, N. Y., of counsel.

WYATT, District Judge.

The motion is under Fed.R.Civ.P. 12 (b) (6) by the third party defendant to dismiss the third party complaint of the United States for failure to state a claim upon which relief can be granted.

The action is for personal injuries suffered by plaintiff when she fell on a stairway at the Fort George Station of the Post Office on upper Broadway in the City of New York. The action is authorized by 28 U.S.C.A. § 1346(b).

After answer and by order of this Court, leave was granted to the United States to serve the third party complaint. Fed.R.Civ.P. 14(a). The present motion followed.

It is here agreed that the sufficiency of the third party complaint is to be determined under the law of New York.

 The United States was the occupier of the premises when the injuries were sustained and as occupier would be liable to invitees such as plaintiff for any negligence, that is, for an unreasonably dangerous condition proximately causing the injuries.

The third party complaint is on the theory that the third party defendant was owner of the premises, that the Government was in occupancy under a lease,

that the lease required the third party defendant to maintain the premises in good repair, and that the Government had actually notified the owner of certain of the bad conditions of which plaintiff complains. No covenant of indemnity in the lease is set forth in the third party complaint.

■ Under New York law, the ability of a defendant in a tort case to seek indemnity from a third person depends upon whether the complaint against the primary defendant charges actual fault; sometimes this actual fault is described as "active" negligence, as opposed to "passive" negligence; sometimes the inquiry is said to be whether the primary defendant is in pari delicto with the third person against whom implied indemnity is claimed. A leading case, with full discussion, is Bush Terminal Bldg. Co. v. Luckenbach S. S. Co., 9 N.Y.2d 426, 214 N.Y.S.2d 428, 174 N.E.2d 516 (1961).

■ In the case at bar, the complaint appears to charge the Government with what, under New York law, would be actual fault and "active" negligence, so that the Government and the owner would be in pari delicto. For example, it is alleged in the complaint that the Government had actual notice of the bad condition of the premises "for some time" before the accident and "failed" and "refused" to correct the condition.

The closest authority appears to be a four to three decision of the New York Court of Appeals, Dick v. Sunbright Steam Laundry Corp., 307 N.Y. 422, 426, 121 N.E.2d 399 (1954). Plaintiff sued the occupier of premises for careless maintenance and operation of machinery which was a nuisance and caused property damage. Defendant sought to bring in the City of New York as a third party defendant, alleging that the City "owned" and "controlled" the premises, leased them to defendant, and had covenanted to keep them "in good condition and repair". The third party complaint was dismissed for failure to state a cause of action against the City "on any theory" because the original defendant was charged with

being "an active tort-feasor" (307 N.Y. at 425, 121 N.E.2d at 401).

The dissenting judges pointed to the averment (absent here) that the third party defendant "controlled and maintained" the premises.

The majority judges pointed to the absence of any averment of a lease provision giving the owner landlord a right to enter to make repairs.

In the case at bar, an affidavit has been submitted for the Government setting forth the lease from which it does appear that in connection with the landlord's obligation to repair, a right of entry was reserved. This provision is not averred in the third party complaint and is not considered on this motion. Fed.R.Civ.P. 12(b); Gottesman v. General Motors Corp., 171 F.Supp. 661, 663 (S.D.N.Y. 1959).

Whether such an averment in the third party complaint would make it sufficient against a motion need not now be decided. In this connection, see Cullings v. Goetz, 256 N.Y. 287, 176 N.E. 397 (1931); DeClara v. Barber Steamship Lines, 309 N.Y. 620, 629, 132 N.E.2d 871 (1956). The Government, if so advised, may serve an amended third party complaint.

As an original matter, I am sympathetic with the Government's position; feel that there is no reason why the entire controversy, including that between landlord and tenant, should not be settled in one action; and appreciate the views of the dissenting judges in the Dick case, above.

Under the New York decisions cited, however, and considering the charges made in the complaint against the Government, this Court in my opinion has no choice but to grant the motion and to dismiss the third party complaint for failure to state a claim upon which relief can be granted. Leave to file an amended third party complaint, if so advised, within twenty days after notice of entry of this order, is granted to the Government. Fed.R.Civ.P. 15(a).

So ordered.