**STATE OF MARYLAND et al., Plaintiffs,**

**v.**

**CAPITAL AIRLINES, INC., Vickers-Armstrongs, Limited: Vickers-Armstrongs, (Aircraft) Limited: and Vickers-Armstrongs, Incorporated, Defendants.**

**Civil Action No. 152–260 and related actions.**

United States District Court
S. D. New York.
Feb. 26, 1964.

---

6. Formal conclusions of law have been made and filed.

Haight, Gardner, Poor & Havens, New York City for Vickers-Armstrongs, Lim-

ited; William J. Junkerman, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for Capital Airlines, Inc.; John J. Martin, New York City, of counsel.

## MEMORANDUM

THOMAS F. MURPHY, District Judge.

These actions arose out of the crash of a Capital Airlines airplane near Chase, Maryland, in 1959. Subsequent to joinder of issue Capital Airlines, one of the defendants, proceeded to settle all claims against it, receiving in return covenants not to sue in most cases and general releases in favor of all defendants in the rest. Shortly before the last of these settlements (several years after the Vickers interests had answered) the Vickers interests moved for leave to serve third party complaints in those cases in which Capital had already been let out and cross claims in those cases in which settlements had not yet been finalized.

By order dated August 1, 1963, we allowed the assertion of these claims without prejudice to Capital's right to move against them at some later time. The intention of that order was to preserve for a single motion any and *all* objections which Capital thought appropriate. We are now presented with those objections.

Both the cross claims and the third party complaints proceed on identical theories, to wit, indemnity predicated on passive or secondary negligence and contribution among joint tortfeasors. The basic problem, very simply phrased, is whether or not these claims may properly be asserted in this case. There is, however, a conflict of laws problem which requires us preliminarily to make a choice of law.

Being a diversity case, we are bound to the choice of law which New York would make. It would appear that New York has abandoned the traditional rule that the law of the place of the tort *invariably* governs and has replaced it

with one based on a jurisdiction's interest in the outcome of an issue. The mechanics of determining interest is known as the grouping of contacts or "center of gravity" doctrine. The rationale, as expressed in Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963) is that "justice, fairness and the 'best practical result' * * * may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation."

■ The only parties involved on the issue now before us are Capital and Vickers. The only issue before us is whether or not Vickers shall be permitted to assert a right of contribution against Capital by way of cross claims or third party complaint. (We eliminate the issue raised by Vickers' claim for indemnity, for we find that under both Maryland and New York law the complaint in this case precludes the assertion of any right to indemnity. In other words both would preclude an alleged active tortfeasor to claim indemnity. Southern Md. Oil Co. v. Texas Co., 203 F.Supp. 449 (1962); Baltimore & O. R. R. v. Howard County Com'rs, 113 Md. 404, 77 A. 930 (1910); Bush Term. Bldgs. v. Luckenbach S. S. Co., 9 N.Y.2d 426, 214 N.Y.S.2d 428, 174 N.E.2d 516 (1961); Dick v. Sunbright Steam Laundry Corp., 307 N.Y. 422, 121 N.E.2d 399 (1954).)

Maryland can claim at most two contacts with this case; the plane crashed there and these actions were commenced under the Maryland death statute. Perhaps as the place of the tort it has an interest in the issue of liability as it might exist between these defendants and the plaintiffs for on that issue conduct within its borders might come to light. Cf. Babcock v. Jackson, supra, 12 N.Y.2d at p. 483, 240 N.Y.S.2d 743, 191 N.E.2d 279. Even this is doubtful, however, since any acts or omissions alleged to constitute negligence in this case more than likely would have occurred beyond the borders of Maryland.

Be that as it may, we find that Maryland's contacts with these defendants are nil and its contacts with the occurrence afford no basis of interest in the instant problem between them.

Perhaps we need go no further for by eliminating Maryland we are impliedly saying that the choice of law must be New York, and this without discussing its contacts with the occurrence and with the parties. We would note, however, that its contacts with the occurrence are as inert as Maryland's, at least insofar as they bear on the issue before us. Its contacts with the defendants and with their extra-litigation relationship (of buyer and seller) are, however, quite substantial. Both Capital and Vickers did business in New York, most of the negotiations which led to the sale of airplanes took place in New York, the chattel mortgages on the airplanes sold are filed in New York and Vickers maintained a New York bank account to receive monies under the sales arrangement. These contacts, we feel, give New York some interest in the outcome of disputes between the two, especially when the dispute is in some way tied in with the contacts which took place in New York. Although this tie-in is by no means direct it is easily argued that but for the contract of sale between the two the present dispute could never have arisen between them.

However it is argued we feel a stronger case is made in favor of choosing New York law.

As noted above, New York would disallow a claim for indemnity in this case. It seems equally as clear that cross claims and third party complaints based on contribution between joint tortfeasors must be dismissed under New York law. Contribution is a severely limited concept under New York law. The existence of the right is, in the first instance, largely within the will of the *plaintiff*. That is, unless a plaintiff sues at least two defendants as joint tortfeasors, the basis of contribution, a joint judgment, is an impossibility. Fox v. Western New York

**651**

Motors Lines, Inc., 257 N.Y. 305, 178 N. E. 289 (1931) makes it abundantly clear that a joint tortfeasor not sued by the plaintiff cannot be impleaded by a sued defendant so as to set up the right of contribution.

The present case is just one step removed from the Fox situation. Here the plaintiffs actually did commence suit against both Capital and Vickers and the question now arises whether or not a voluntary discontinuance as to one defendant is effective to restore the situation which was presented in Fox and require a similar ruling. We think yes, at least under the circumstances of this case.

The right of contribution is purely statutory in New York. Under the statute the right does not exist until a joint judgment is rendered under which a defendant actually pays more than his pro rata share. Based on the fact that New York permits a plaintiff to choose whom he sues we can perceive no party with standing to complain if a plaintiff, subsequent to summons, voluntarily discontinues his suit against one or more of the named defendants. At least up till the time of entry of judgment a joint tortfeasor has no more than a shadow of a right to contribution. Perhaps after entry of judgment, a plaintiff's release of one of the defendants would work a prejudice sufficient to justify a claim for relief. That situation is far removed from the present one, however. The settlements in this case were neither collusive nor clandestine and in all respects appear to have been reached with the utmost good faith.

Accordingly, Capital's motion to dismiss the cross claims and third party complaints is granted.

Vickers' cross motion to strike the affidavit in support of Capital's motion because of form is denied. None of the facts considered on determination of Capital's motion are, nor could they be denied by Vickers. The issue was almost purely a question of law.

Finally, if we are mistaken in our choice of law and Maryland law should be applied we are still inclined to grant the motion on the ground that the tardiness of the assertion of the claims by Vickers works a prejudice on Capital. Had Vickers moved with more celerity it is doubtful that Capital would have proceeded to settle these cases on a mere covenant not to sue basis. Having knowledge of the claims against it by Vickers, Capital might very well have decided to rely on its possible right of contribution as Vickers now seeks to do. Again we point out that there is nothing collusive about these settlements; under them very substantial amounts of money have been paid by Capital. Under such circumstances it would be unfair for Vickers, which sat idly by while Capital negotiated good faith settlements (some of which inured to the benefit of Vickers) to come in at this late date and seek to expose Capital to additional liability.

These are orders. No settlements are necessary.