(April 12, 1967)

■ Albert VanderVeer, 2nd, Respondent, v. Thomas I. Tyrrell, Appellant, and Willig & Brown, Inc., et al., Respondents.— Gabrielli, J. Appeal from an order of Special Term dismissing cross claim of defendant-appellant, Thomas I. Tyrrell. In this negligence action, plaintiff alleges he sustained certain injuries when he was struck on the premises of defendant Albany Country Club by a golf cart operated by defendant Tyrrell. The cart had been manufactured by defendant Victor Comptometer Corp. and in turn sold to defendant Willig & Brown, Inc., who leased the cart to defendant Albany Country Club and the cart, in turn, was entrusted to defendant Mix, the golf professional who rented it to the defendant operator Tyrrell. The

complaint against the defendant Country Club charges negligent construction of the pathways upon which the cart was operated and of failure to warn users of the course to be used by cart traffic. Defendant Mix and the Club are charged with joint negligence in failing to keep the cart in proper repair and to warn users thereof of inherent dangers. The manufacturer is charged with negligent construction and failure to inspect. Defendant Willig & Brown, Inc., is charged with failing to keep the cart in a proper state of repair and to warn of the dangerous condition thereof while the operator Tyrrell is charged with operating the cart in a negligent manner, failure to inspect the cart and to warn the plaintiff of the danger. Defendant Tyrrell by two separate claims, has cross-claimed against his codefendants asserting that any alleged negligence against him is passive in nature and that if recovery is had, it can result only from the active negligence of his codefendants. His second claim-over is based upon the charge that the codefendants warranted the cart to be reasonably fit for its intended and known purpose. Directing our attention to the first cross claim, if liability is imposed upon the defendant operator, it can only result from his active negligence and the claim-over must necessarily fail. Under no interpretation of the pleadings and law of negligence to be applied to their allegations can there reasonably be cast upon a person briefly using a rental golf cart or rental automobile a duty to inspect its internal mechanism, as to which he is, more often than not, neither possessed of, nor reasonably expected to be possessed of, expertise in any particular degree. (cf. *Alfano* v. *Amchir*, 23 A D 2d 659; *Singleton* v. *Bishop*, 19 A D 2d 595.) As to the second claim wherein the defendant operator asserts a claim of breach of warranty against codefendants, it, too must fall. If Tyrrell is found to be actively negligent, his negligence must have been found to be a proximate cause of the accident. Under such circumstances Tyrrell cannot benefit from his own negligence in a claim against his codefendants for a breach of some alleged contractual duty he asserts they owed *him*. Although we do not, in discussing this second cross claim, hold that all defendants are joint tort-feasors as such, we do conclude that, to permit recovery-over would run afoul of the spirit and logic of the rule that one who is actively negligent cannot seek indemnification from another joint tort-feasor, absent an unequivocal contract therefor "clearly expressed" (*Dick* v. *Sunbright Steam Laundry Corp.*, 307 N. Y. 422, 425). Order affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.