■ JACK SEELEY, Plaintiff, v. WATER DISTRICT NO. 3 OF THE TOWN OF KIRKWOOD et al., Appellants, et al., Defendant. TOWN OF KIRKWOOD et al., Third-Party Plaintiffs-Appellants, v. VINCENT J. SMITH, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Action.) — GIBSON, P. J. Appeals by defendants and third-party plaintiffs Water District No. 3 of the Town of Kirkwood, the Town of Kirkwood and Howard & Sprague, Inc. (1) from an order of the Supreme Court at Special Term which granted motions to dismiss their third-party complaints and (2) from

the judgment entered thereon. Plaintiffs Seeley and Bayers, in separate actions, seek to recover damages for personal injuries sustained, in the course of their employment by Grinnell Co., Inc., when they attempted to remove a plug from a water main and the plug " was violently propelled from the pipe " and the pipe " burst and exploded ". Vincent J. Smith, Inc., was the general contractor for the construction of a building for Vail-Ballou Press, Inc., the owner. Grinnell became Smith's subcontractor to construct and install the water system for the building. The Town of Kirkwood engaged Vernon O. Shumaker, an engineer, to design and supervise the construction of a water system, from which, apparently, Vail-Ballou's water system was to extend, and contracted with Howard & Sprague, Inc., to construct it. It is alleged in the Seeley complaint (the language of which does not differ materially from that of the Bayers complaint) that the plaintiff was injured by reason of the negligence of the defendant Water District No. 3 of the Town of Kirkwood, the defendant Town of Kirkwood, the defendant Shumaker and the defendant Howard & Sprague, Inc., who were " engaged in * * * the designing, installation, construction, testing and maintaining of a water service main for the purpose of supplying water to the premises then under construction " and who were " negligent in that they failed to provide the plaintiff with a safe place to work, all as required by the provisions of the Labor Law of the State of New York; in that the pipeline and plug were defective and were improperly designed, constructed and maintained; in that the pipes and pipelines were carelessly and negligently tested; in that improper methods of testing the pipe and pipelines were used; in that the pipe and pipelines were not equipped with proper bleeding valves and other safety devices; in that the pipe and pipelines were under heavy pressures and that the defendants failed to warn and advise the plaintiff of this fact; in that they were otherwise generally negligent and careless." Indemnity is sought by cross claims and third-party complaints but these appeals concern only the right to indemnity asserted by the Water District, the town and the town's contractor Howard against the building construction contractor Smith. There being no express contract of indemnity, the active-passive negligence test must be applied. It is clear enough that only active negligence can be inferred from the allegations of improper design and construction, of improper equipping and of negligent testing. The allegation of improper maintenance falls in the same category, when read, as it must be, in context and in conjunction with the averments " improperly designed, constructed and maintained ", of which it is a part. Comparable, and to be similarly categorized, is the allegation of the failure to warn of the condition of " heavy pressures ". If, however, this condition was not created by the affirmative negligence of the appellants, it was not, in any event, created by that respondent. The alleged failure to furnish a safe place to work, in violation of the Labor Law, must also, in the setting pleaded, be held to constitute active negligence. Liability is not predicated, in this instance, upon ownership or some other fact giving rise to nondelegable duty and indemnifiable liability, but upon specific allegations of the creation of the dangerous condition and unsafe place by the defendants' own affirmative acts. Additionally, it should be noted that whatever the rights, not now before us, of the Water District and the town as against their contractor and their engineer, Howard and Shumaker, respectively, in the present state of the record there appears no basis for the imposition of liability upon the Water District and the town, nor, indeed, upon Howard, by reason of any act or omission of Smith, and hence, in any view of the case, no basis for third-party liability on the part of Smith. Order and judgment affirmed, with

one bill of costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.