See also, D.C., 262 F.Supp. 524.

Leonard **GOLDSTEIN**, Plaintiff,

v.

**COMPUDYNE CORPORATION** and Wallace & Tiernan, Inc., Defendants.

No. 64 Civ. 3863.

United States District Court
S. D. New York.

Nov. 26, 1968.

Harry Lipsig, New York City, for plaintiff; Philip F. McCarron, New York City, of counsel.

Emile Z. Berman and A. Harold Frost, New York City, for Compudyne Corp.; Harold Lee Schwab, New York City, of counsel.

Marvin, Montfort, Healy, McGuire & Salley, Garden City, N.Y., for Wallace & Tiernan, Inc.

## OPINION

MacMAHON, District Judge.

Plaintiff sues for personal injuries suffered in an explosion of a jet engine testing machine. Defendant Compudyne manufactured and assembled the machine, and defendant Wallace & Tiernan manufactured the component part, an oil gauge, which allegedly failed and caused the explosion. Plaintiff asserts three claims: negligent design and manufacture, breach of warranty of fitness for intended purpose, and violation of two safety statutes of New York, §§ 200 and 241 of the New York Labor Law, McKinney's Consol.Laws, c. 31.

Defendant Compudyne moves under Rule 14(a), Fed.R.Civ.P., to file and serve a third party complaint on United Aerotest Laboratories, Inc. (Aerotest). Aerotest, plaintiff's employer, was using defendant Compudyne's machine at the time of the explosion. Prior to delivery and use of the machine, Aerotest allegedly agreed to perform a series of environmental tests, to furnish all test personnel and equipment, and to be responsible for the machine while in its possession. Defendant Compudyne alleges that Aerotest was negligent in testing and using the machine, breached its warranty that it had proper personnel and facilities, and violated the safety statutes of New York. Defendant Compudyne seeks judgment over against Aerotest in the event plaintiff recovers from Compudyne.

Plaintiff objects to impleading Aerotest for two reasons. First, he argues, defendant Compudyne is charged with active negligence and, therefore, cannot implead a joint tort feasor since, in such a case, defendant Compudyne has no common law right to contribution. Second, he contends, defendant Compudyne is barred by laches from impleading a third party.

Plaintiff's first argument is based on Bush Terminal Buildings v. Luckenbach Steamship Co., 9 N.Y.2d 426, 214 N.Y.S. 2d 428, 174 N.E.2d 516 (1961), which held that when a complaint fails to allege passive negligence by the defendant, the defendant cannot cross-claim alleging its own passive negligence and another's active negligence. Assuming this principle applies to impleader, plaintiff urges that since his complaint does not allege that defendant Compudyne was passively negligent, leave to file a third party complaint permitting Compudyne to plead Aerotest's active negligence should be denied. Seely v. Water District No. 3 of Town of Kirkwood, 30 App.Div.2d 984, 294 N.Y.S.2d 56 (3d Dep't 1968).

If plaintiff is correct in his assumption, the New York pleading rule is harsh, for Compudyne may be able to establish at trial that it was not actively negligent. It may show, for example, that although the machine was defectively made, Aerotest knew of the defect, disregarded it, and used the machine despite the known defect. New York substantive law would allow defendant Compudyne to recover over against Aerotest on these facts. Wischnie v. Dorsch, 296 N.Y. 257, 72 N.E.2d 700 (1947); Phoenix Bridge Co. v. Creem, 102 App.Div. 354, 92 N.Y.S. 855 (2d Dep't 1905), aff'd 185 N.Y. 580, 78 N.E. 1110 (1906); Restatement, Restitution §§ 94, 95 (1936). However, New York's procedural rule, according to plaintiff, would not permit the third party to be brought in because of the allegations or lack of them in the complaint.

We are bound in this diversity case to apply the substantive law of New York, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), but not its procedural rules, Hanna v. Plummer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Since, as a matter of New York law, defendant Compudyne would be able to recover over against Aerotest, if it proves the allegations of the third party complaint, then, as a matter of federal procedural law, defendant Compudyne should be allowed to file its third party complaint. Silvesky v. Greyhound Corp., 174 F.Supp. 378 (E.D.N.Y. 1959).

Moreover, as to two of plaintiff's three theories of recovery, breach of warranty and breach of statutory duty, defendant Compudyne's negligence, whether active or passive, is totally immaterial, and the pleading rule of *Bush* is wholly inapplicable. Compudyne's right to indemnity might well depend on warranties which defendant Compudyne received from Aerotest, or on statutes which impose primary and strict liability on plaintiff's employer, Aerotest. In these circumstances, denial of leave to file and serve a third party complaint would unduly prejudice defendant Compudyne and might allow the party primarily at fault to escape liability.

Plaintiff's second argument is that defendant Compudyne waited too long, almost four years from the commencement of this action, before attempting to institute this third party claim. He contends if it is allowed to do so, he will be prejudiced because more long and complex depositions will be needed. We find the delay excusable.

Initially, Compudyne contested jurisdiction over its person, and depositions confined to that issue were taken. The issue of jurisdiction was not finally determined until March 6, 1968, and, thereafter, defendant Compudyne filed its answer on June 6, 1968. Depositions on the issue of liability were not commenced until after June 6, 1968.

We are unable to say in this factual setting that defendant Compudyne has deliberately delayed the progress of the litigation. Surely, it had a right to raise the jurisdictional issue, and, having raised it, defendant Compudyne should not be forced to forfeit its rights against Aerotest. Moreover, if further depositions are not commenced and completed within a reasonable time, plaintiff can always apply to the court for appropriate relief under Rule 30(b), Fed.R.Civ.P.

Accordingly, the motion for leave to file and serve defendant Compudyne's third party complaint on United Aerotest Laboratories, Inc. is granted.

So ordered.