**Lawrence BURNS, Plaintiff-Appellee,**

v.

**The CUNARD STEAMSHIP COMPANY, Ltd., Defendant-Appellant and Third-Party Plaintiff-Appellant,**

v.

**JOHN T. CLARK & SON, Third-Party Defendant-Appellee.**

**No. 150, Docket 32454.**

United States Court of Appeals Second Circuit.

Argued Oct. 30, 1968.

Decided Dec. 4, 1968.

Certiorari Denied March 3, 1969.

See 89 S.Ct. 993.

Bernard Meyerson, Brooklyn, N. Y. (Thomas V. Kingham, New York City, on the brief), for appellant.

Chester A. Hahn, New York City (Sylvia Miller, New York City, on the brief), for appellee Burns.

Sidney A. Schwartz, New York City (Alexander, Ash & Schwartz, New York City, of counsel to Hampton & Dietel, New York City, on the brief), for appellee John T. Clark & Son.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

Defendant-appellant and third-party plaintiff-appellant The Cunard Steamship Company, Ltd. appeals from a judgment of the United States District Court for the Southern District of New York, Harold H. Tyler, Jr., Judge, (1) in favor of appellee Lawrence Burns after a trial before a jury in his action for personal injuries and (2) in favor of third-party defendant-appellee John T. Clark & Son after a trial without a jury in Cunard's action for indemnity.

Burns, an employee of Clark, was injured while towing an automobile with a "pusher" owned by Clark. Clark had a contract with Cunard providing for the removal of cargo. Burns' injury occurred on a portion of a New York City street used by Cunard for storage purposes. A wheel of the car that was being towed went into a hole in the pavement. In trying to get it out of the hole Burns was thrown from the "pusher," sustaining the injuries that are the basis for this suit.

Cunard raises several issues on this appeal. Principally it argues that it was not in control of the storage area where the accident occurred and that therefore the district court erred in applying to this area the safe place of work provision of N.Y. Labor Law § 200 (McKinney's Consol.Laws, c. 31, 1965). The area was used primarily for storage of imported cars and in the course of storing the cars employees were often working in the area. When it was in use the area was roped off to keep out the public, and it was almost always in use.

Although there was no lease for the area, Cunard exercised exclusive control over it at its pleasure and had done so for years. The fact that storage charges were levied by the city on a per item or per ton basis does not detract from the effect of Cunard's control. What is involved is not a mere public street where Cunard could park cars if space was available; rather the area was a regular place of work under Cunard's direction and control so that Cunard had a duty to make it a safe place of work. See Employers Mut. Liab. Ins. Co. of Wisconsin v. Di Cesare & Monaco Concrete Constr. Corp., 9 App.Div.2d 379, 194 N.Y.S.2d 103 (1959).

The jury specifically found that the area was unsafe. It is no defense that the dangerous condition is obvious where the exercise of ordinary care will not protect the employees. In the present case the inadequacy of knowledge as a defense is established by the evidence that Dempsey, the driver of the car being towed by Burns, knew of the hole, tried to avoid it and failed.

Cunard's argument that it was not responsible for the defective pusher supplied by Clark is irrelevant to the issue of Cunard's liability as the jury reasonably found that the hole was the proximate cause of Burns' injury.

The verdict of $105,000 is not excessive. See Grunenthal v. Long Island R.R., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (U.S. Nov. 18, 1968). Burns has already lost about $80,000 in wages and stands to lose much more.

Judge Tyler properly dismissed Cunard's third-party complaint against Clark. Under N.Y.Labor Law § 200, Cunard had a duty to inspect the area and to repair the hole, since a reasonable inspection would have disclosed its existence. Cunard's failure to do so was active negligence and thus it cannot obtain indemnity from Clark. See Bush Terminal Bldgs. Co. v. Luckenbach S. S.

Co., 9 N.Y.2d 426, 214 N.Y.S.2d 428, 174 N.E.2d 516 (1961); Schwartz v. Merola Bros. Constr. Corp., 290 N.Y. 145, 48 N.E. 299 (1943); Eisenbach v. Gimbel Bros., 281 N.Y. 474, 24 N.E.2d 131 (1939).

Affirmed.