James W. **BRINKLEY**, Plaintiff,

v.

**NIPPON YUSEN KAISHA**, Defendant and Third-Party Plaintiff,

v.

**OLD DOMINION STEVEDORING CORPORATION**, Third-Party Defendant.

Civ. A. No. 547-70-N.

United States District Court,
E. D. Virginia,
Norfolk Division.

April 2, 1971.

The court is unwilling to push the landward move of the warranty of seaworthiness to the point it would include the surface by the pier to which a vessel is moored, but *over which it has no control.* In this case this court does not equate the pier surface as any part of the ship's gear or equipment.

Plaintiff would rely on Burns v. Cunard Steamship Co., 404 F.2d 60 (2nd Cir. 1969) and Mailland v. American Export Isbrandtsen Lines, Inc., 406 F.2d 322 (2nd Cir. 1969). Such reliance is ill-placed.

In *Burns,* supra, the court specifically states that ". . . Cunard exercised exclusive control over it [the street alongside the ship] and had done so for years. . . . What is involved is not a mere public street where Cunard could park cars if space was available; rather the area was a regular place of work under Cunard's direction and control so that Cunard had a duty to make it a safe place of work." Liability was rested upon the negligence of Cunard in not keeping the street in repair. In the case at bar, no such control existed to BOSTON MARU and its owner.

In *Mailland,* supra, the injured longshoreman was directed by the Chief Mate of the vessel to use equipment on the dock, a dock, said the court, which the mate could plainly see was strewn with debris, and therefore knew or should have known of its unsafe condition. Specifically, the court ruled out the seaworthiness doctrine and proceeded only on negligence. In the case at bar no directions to longshoremen were issued by any of the ship's company.

█ Nor does the court find that § 1504.3 of the Safety and Health Regulations for Longshoring applies to the pier surface to the point of imposing liability upon a vessel fortuitously alongside.

The Motion for Summary Judgment is granted.

Stuart V. Carter, Norfolk, Va., for plaintiff.

John W. Winston, Norfolk, Va., for defendant and third-party plaintiff.

Walter B. Martin, Jr., Norfolk, Va., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

MacKENZIE, District Judge.

On August 1, 1968, the plaintiff, James W. Brinkley, was employed by Old Dominion Stevedoring Corporation as a longshoreman on the dock adjacent to the BOSTON MARU, a vessel owned by the defendant and third-party plaintiff, Nippon Yusen Kaisha. The vessel was being unloaded at Pier N of Lambert's Point Docks, Inc., a marine terminal at Norfolk, Virginia.

On the day of the alleged injury the weather was good, but a rain the night before had left a puddle of water on the dock.

█ The plaintiff concedes that the water on the dock was the cause of his fall; he agrees that it was rainwater and not anything put there by the vessel. If any liability exists therefor it must be on the theory of the extension of the unseaworthiness doctrine to include, not only the ship, but the dock alongside. In other words, Pier N, over which the vessel had absolutely no control, must be construed to be an appurtenance, or equipment, of the BOSTON MARU.